P. H. ROSENBERGER v. THE COMMONWEALTH.

ERROR TO THE COURT OF QUARTER SESSIONS OF ARMSTRONG COUNTY.

Argued October 10, 1887—Decided January 3, 1888.

1. An indictment found in December, 1886, charged in one count, a larceny; in a second, the felonious receiving of stolen goods, laying the offences in April, 1883. The counts were followed by a presentment that, for three years immediately succeeding the offence, the defendant was not an inhabitant of the state or resident therein: *Held*, on conviction, that the pleading in respect of the statute of limitations was unobjectionable, and it was not error to refuse a motion in arrest of judgment.

2. The indictment laid the property stolen as the property of A. and B. On the trial, the evidence showing that the property was stolen at the same time and place, it was not error to amend by laying special portions as the goods of A. and other portions as the goods of B.

3. A prior indictment in the same court for the same offence having been lost or stolen and thus undetermined, it was not error to try the defendant upon a new indictment preferred by leave of court based upon a new information.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 31 October Term 1887, Sup. Ct.; court below, No. 71 December Term 1886, Q. S.

On December 6, 1886, an information was made by Alexander Hill against P. H. Rosenberger, Philip Rosenberger and Daniel Rosenberger, charging them with the larceny from the house of the informant and his mother, Catharine Hill, in Cowanshannock township, on April 3, 1883, of seven hams, of the value ten dollars, and ten pieces of pork, of the value of fifteen dollars, the property of the informant and said Catharine Hill. The information also charged the defendants with unlawfully receiving the said several pieces of meat knowing them to have been feloniously stolen and taken, and averred further that the defendants for three years and upwards immediately succeeding the commission of the offence were not inhabitants of the state of Pennsylvania, and only returned to said state the preceding August.

At the December term following, the grand jury found an indictment of the defendants with two counts, the first charging the larceny on April 3, 1883, of the property described in the information, laid as the property of Alexander Hill and Catharine Hill; the second charging the felonious receiving of said property so laid. The two counts were followed by a presentment "that for three years and upwards immediately succeeding the commission of the offence aforesaid, the said . . . . . were not inhabitants of the state of Pennsylvania or residents therein, but were non-residents of said state, and only returned to the said state in August, 1886, contrary, etc."

At the trial on December 7, 1886, before JAMES B. NEALE, P. J., it appeared that a former indictment had been found against the same defendants together with Joseph Rosenberger and W. L. Schrecengost, to No. 54 June Term 1883, for the same offence; that when that cause was called for trial it was found that P. H., Philip and Daniel Rosenberger had escaped to Ohio. Joseph Rosenberger and W. L. Schrecengost were then tried and acquitted. In May, 1886, a motion was made by an attorney representing P. H. Rosenberger, for leave to enter a nolle prosequi on payment of costs. This motion was refused, and subsequently the indictment was lost from the

office. The fugitive defendants returned to Armstrong county in August, 1886, and were then re-arrested. At September Term, 1886, in the absence of the original indictment it was proposed to try upon a copy of it, and the cause was continued. At December term, the new information, first herein referred to, having then been made, by leave of court a new indictment was sent in to the grand jury and found a true bill which was called for trial.

Before pleading to this second indictment, the defendants filed a motion to quash for the reasons:

1. The prosecution is barred by the statute of limitations.

2. That an indictment was found at No. 54 June Sessions, 1883, for the same offence, on which the defendants have never been tried; nor has the indictment been quashed nor in any way disposed of as to these defendants. That they were held for trial at September Term, 1886, upon a process issued from this court, at said No. 54 June Sessions, 1883, at which sessions the trial was continued to the present term upon the motion of the attorney for the commonwealth, and that the defendants are now in court to answer to said indictment.

3. For the reason that the indictment does not set forth that the defendants are fugitives from justice.

4. That the finding of the grand jury that defendants were not inhabitants of Pennsylvania is not a part or parcel of indictment and should be stricken out.

The court refused the motion, to be considered thereafter upon a motion in arrest of judgment.[1]

The district attorney, on motion, was allowed to enter a nolle prosequi upon the second count of the indictment.

The defendants having pleaded to the bill and evidence having been heard, on motion of the district attorney, leave was given to amend the indictment by laying the ownership of the property stolen, as follows: seven hams of the value of ten dollars of the goods, etc., of Alexander Hill, and ten pieces of pork meat of the value of fifteen dollars, of the goods, etc., of Catharine Hill.[6]

The case having been closed on the evidence, the defendants requested the court to charge:

1. That there cannot be a conviction on the indictment, as Alex. Hill testified that the property alleged in the indictment

to have been stolen, was not the joint property of Alex. Hill and Catharine Hill, but was the individual property of Alex. Hill and Catharine Hill.[7]

2. That the verdict of the jury must be for the defendants, as the indictment shows upon its face that it is barred by the statute of limitations.[5]

These points were refused.

The verdict of the jury acquitted Philip and Daniel Rosenberger, but P. H. Rosenberger was found guilty.

The convicted defendant then moved the court in arrest of judgment upon the following grounds:

1. Because the first count in said indictment shows upon its face that the alleged offence was committed on April 3, 1883, and said indictment was not brought or exhibited until December 7, 1886.

2. Because the first count in said indictment shows upon its face that the alleged offence was committed on April 3, 1883, and said count does not show that P. H. Rosenberger was not an inhabitant of the state of Pennsylvania or usual resident therein from the time of the commission of said alleged offence until December 7, 1886 (the time said indictment was found), or any part of said time.

3. That the information in this case charges the defendant with stealing the joint property of Alexander and Catharine Hill; for stealing said joint property he was committed to jail and the grand jury found a true bill against him for stealing the said joint property; while the jury found him guilty of the larceny of the individual property of Alexander Hill to the amount of $10, and of the individual property of Catharine Hill to the value of $15.

4. The variance between the allegation in said indictment that the property alleged to be stolen was all the joint property of Alex. and Catharine Hill, and the proof that seven hams were the individual property of Alex. Hill, and ten pieces of pork meat was the individual property of Catharine Hill, was a material variance, and not matter of form, and said indictment could not be amended.

5. For the reasons assigned in the motion to quash the indictment.

Arguments.

6. An indictment having been presented against Peter H. Rosenberger for the same offence charged in this indictment at No. 54 June Term, 1883, which said indictment remains yet undisposed of, there could be no legal conviction in the present case.

On December 21, 1886, the motion in arrest of judgment was overruled,[2] and the defendant was sentenced to pay the costs, etc., to restore the property, etc., and to undergo an imprisonment in the penitentiary for twenty-one months, etc.

Upon application to Mr. Justice CLARK, on December 27, 1886, a writ of error was allowed to the defendant, and the order allowing it directed that the defendant "be discharged from custody, upon his first entering into recognizance in $1,000 with security to be approved by the Court of Quarter Sessions of Armstrong county, or a judge thereof, conditioned that he prosecute his said writ of error with effect and abide the judgment and order of the court in the premises." Thereupon the defendant took this writ, assigning for error:

1. The refusal of the motion to quash the indictment.[1]
2–4, 8. The refusal of the motion in arrest of judgment.[2]
5. The refusal of the defendants' second point.[5]
6. The order allowing the amendment of the indictment.[6]
7. The refusal of the defendants' first point.[7]

*Mr. W. D. Patton* and *Mr. J. R. Henderson* (with them *Mr. F. Mechling*), for the plaintiff in error:

1. The grand jury found as true only the first and second counts. They found nothing as to the so-called third count. The defendant was convicted upon the first count only. That count concluded, "against the peace and dignity," etc. The conclusion of a thing is the end of it. Yet from its beginning to its end the count showed no crime to have been committed that was not barred by the statute. Appearing upon the face of the indictment that the offence charged was barred, and none of the exceptions mentioned in the statute to prevent its operation being alleged therein, the judgment should have been arrested: McLane v. State, 4 Ga. 335; People v. Miller, 12 Cal. 291; State v. Pierce, 19 La. An. 90; Whart. Cr. L., § 446.

2. The court below allowed the defendant to be convicted of an offence other than that for which the grand jury found a true bill. An indictment cannot be so amended as to make out an offence different from the one originally stated: State v. Morgan, 35 La. An. 139; State v. Sexton, 3 Hawks 184 (14 Amer. D. 584); Bradshaw's case, 14 Amer. D. 585.

3. When the defendant was tried, an indictment for the same offence was pending at No. 54 June Term 1883, undetermined. We claim that the proviso to § 77, act of March 31, 1860, P. L. 450, only applies when no indictment has been brought and exhibited against the defendant, and when he has been a non-resident for two years.

*Mr. James P. Colter* (with him *Mr. District Attorney D. B. Heiner*), for the defendant in error:

1. The averment of absence from the state was set forth distinctly in the information, made thus prominent in the indictment and found true by both the grand and the traverse juries. But there was no need that defendant's absence be averred at all. If the evidence of the commonwealth brought the facts within the proviso, conviction followed: U. S. v. Cook, 17 Wall. 168; Commonwealth v. Blackburn, 3 Pa. C. C. R. 464; Whart. Cr. Pr., 318; People v. VanSantvoord, 9 Cow. 655.

2. The amendment of the indictment was authorized by § 13, act of March 31, 1860, P. L. 433. Besides, a count will be good, which, in an indictment for larceny, joins the larceny of several distinct articles belonging to different owners, provided the time and place of the taking of each are the same: Fulmer v. Commonwealth, 97 Pa. 503; Commonwealth v. O'Brien, 2 Brewst. 566.

3. The pendency of one indictment is not ground for a plea in abatement to a second indictment charging substantially the same offence: Smith v. Commonwealth, 104 Pa. 339.

OPINION, MR. JUSTICE PAXSON:

It is seldom that a case comes before us with so little merit as this. The plaintiff in error was convicted of larceny in the court below, and now asks us to relieve him from the effect of his crime, because he says that it appears from the face of the

indictment that the offence was barred by the statute of limitations.

The larceny was committed on the night of April 3, 1883. The property stolen consisted of a quantity of hams and pork, which was found concealed in a closet in the defendant's house.  When arrested the defendant induced the officer to remove his handcuffs, on the pretence of changing his clothing and took advantage of this indulgence by jumping out of the window.  He then fled to the state of Ohio, where he remained for about three years.  While there he sent on the sum of $234.70 to this state to get the prosecution settled. This effort failed, and shortly thereafter the bill of indictment against him was surreptitiously taken out of the proper office and has not since been found.  It was probably stolen.  A new indictment was found upon which he was tried.

This is not a savory record, yet it is our duty to examine it and give the defendant his legal rights under it.  This we now proceed to do.

The information upon which the defendant was re-arrested after his return to this state, states distinctly that, for three years and upwards immediately succeeding the commission of said offence, he was not a resident of this state.  The indictment upon which he was tried contains two counts.  The first count charges larceny; the second, receiving the property with guilty knowledge.  Then follows a distinct averment, substantially in the language of the exception in the statute of limitations, that the said P. H. Rosenberger (plaintiff in error) for three years and upwards, immediately succeeding the commission of the offence aforesaid, was not an inhabitant of the state of Pennsylvania or a resident therein, but was a non-resident of said state and only returned to said state in August, 1886, etc.  Upon the trial a nolle prosequi was entered upon the second count, and the trial proceeded upon the first count only, with the result as before stated.

It will thus be seen that both upon the information and the indictment the exception in the statute is distinctly stated. That it is not in the body of the first count, is not material. It is as applicable to the one count as the other.  The pleader has first set forth the offence, and then the facts which take the case out of the operation of the statute.  No reasonable

objection can be taken to this form of pleading. The question of the statute of limitations is without merit.

The court allowed an amendment in regard to the ownership of the property stolen. This was harmless, and moreover is expressly authorized by act of assembly.

It was also urged that no conviction could be had upon the second indictment so long as the first, the missing indictment, was undisposed of. There is no merit in this. If both indictments had been in court, the defendant could have been tried upon either.

> The judgment is affirmed and it is ordered that the plaintiff in error surrender himself forthwith to the proper authorities of Armstrong county, in order to serve out his sentence as imposed by the court below.