## Commonwealth *v.* Gladden, Appellant.

Argued March 24, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*John Edward Sheridan,* for appellant.

*Malcolm W. Berkowitz,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney, *Samuel Dash,* Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY RENO, J., July 14, 1953:

On his second trial, appellant was convicted and later sentenced for receiving stolen goods after a trial by a judge without a jury. After appellant's demurrer was overruled he moved for a directed verdict without presenting any evidence. This motion was denied. He appealed from the dismissal of his motion for a new trial, and questions: (1) The action of the trial judge in allowing an amendment of the indictment;

and (2) the sufficiency of the evidence to sustain the finding of the court below.

On August 23, 1950 a time chartered vessel operated by the Isbrandtsen Company docked at Pier 48, located at Delaware and Washington Avenues, Philadelphia, with a shipment of lead ingots consigned to the Economic Cooperation Agency, an agency of the United States Government. The Government purchased these ingots from the Continental Lead Corporation, which shipped them through its foreign supplier in Rotterdam, Holland, on two separate and orginal bills of lading, covering 9,892 and 26,763 ingots respectively. Title and risk of loss passed to the Government when the ingots were loaded on the vessel and "clean on-board bills of lading" were signed by the steamship company's duly authorized representative. After the vessel docked, the count showed three ingots short after discharge of the cargo from the vessel to the dock. A second count, made as these ingots were loaded from the dock to the railroad cars on Pier 48, showed a total of fifty-one ingots missing.

On August 24, 1950, at about 5:40 p.m., appellant was arrested while his automobile was parked in front of a junk shop at 719 South 12th Street, Philadelphia. The arresting officers noticed that the automobile was "hanging low in the rear" and upon investigation found four lead ingots in the back seat. Appellant was taken to police headquarters where Detective Coan questioned him. He told Coan that he got the ingots from three stevedores he knew near the pier at Delaware and Washington Avenues. Appellant said that when he met the three stevedores, they had ten ingots with them and gave them to him because he said he could sell the ingots for them. The place where appellant said he received the ten ingots was within 40 feet of the entrance to the pier near which a quantity of the in-

gots then being loaded onto railroad cars for shipment to the consignee was stored. Appellant drove away with the ten ingots in his car. The arresting officers recovered four ingots from appellant's automobile and recovered the remaining six ingots at appellant's home.

After the police notified the steamship company that they had recovered certain lead ingots, an agent for the company identified them. The agent stated the ingots were of the same description as those removed from the ship and the size and shape were identical to those discharged from the vessel onto the dock.

At the start of the trial, the Commonwealth moved to amend the bill of indictment to allege ownership in the Economic Cooperation Agency, a branch of the United States Government, instead of The Pennsylvania Railroad, which had previously been alleged as owner in the bill. The amendment was allowed, over objection, and the trial proceeded. The authority for the allowance by a trial court of an amendment of an indictment to conform with the proof is provided by the Act of March 31, 1860, P. L. 427, §13, 19 P.S. §433, the pertinent part of which is set out in the footnote.[1] In the instant case the amendment of the indictment was neither material to the merits of the case nor did it prejudice appellant in his defense upon the merits.

---

[1] "If, on the trial of any indictment . . . there shall appear to be any variance between the statement of such indictment and the evidence offered in proof thereof . . . in the name or description of any person or persons or body politic or corporation therein stated, or alleged to be the owner or owners of any property, real or personal, which shall form the subject of any offense charged therein, . . . or in the ownership of any property named or described therein, it shall and may be lawful for the court before whom the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense upon such merits, to order such indictment to be amended, according to the proof, . . ."

The allowance of an amendment to an indictment as to the name of the person alleged therein to be the owner of the property which is the subject of the crime is generally authorized as the correction of a defect in form. Cf. 7 ALR 1526; 68 ALR 930. In *Rosenberger v. Com.,* 118 Pa. 77, 84, 11 A. 782, the indictment had charged the defendant with larceny and receiving stolen goods belonging jointly to two named individuals. The proofs at the trial showed that some goods belonged to one and some to the other. In approving allowance of an amendment of the bill to conform to the proofs offered, that Court stated: "The court allowed an amendment in regard to the ownership of the property stolen. This was harmless, and moreover is expressly authorized by act of assembly." See also *Com. v. Liebowitz,* 143 Pa. Superior Ct. 75, 17 A. 2d 719; *Com. v. Ballow,* 171 Pa. Superior Ct. 54, 90 A. 2d 363.

Appellant clearly was not prejudiced in his defense on the merits. Appellant had the right to ask for a continuance on the basis of a plea of surprise. Moreover, the court expressly offered appellant an opportunity to plead surprise but he elected to proceed to trial on the merits. See *Com. v. Neuman,* 151 Pa. Superior Ct. 642, 30 A. 2d 698. Appellant's argument against the allowance of the amendment on the ground that there was no evidence before the court when it allowed the amendment is without merit. The Commonwealth made an offer of proof to show ownership other than that originally alleged in the bill of indictment. The allowance of the amendment after the offer of proof but prior to the admission of any evidence is proper when the record shows the amendment conformed to the proof.

Under the provisions of The Penal Code, §817,[2] to support the charge of receiving stolen goods, it is necessary for the Commonwealth to prove: (1) that certain goods have been stolen; (2) that the defendant received some or all of such goods; and (3) that he received them knowing or having reasonable cause to know the same to be stolen. *Com. v. Roth,* 169 Pa. Superior Ct. 88, 82 A. 2d 710. The Commonwealth's evidence established the disappearance of forty-eight lead ingots from the dock while they were being loaded onto railroad cars for shipment to their inland destination. There was no evidence that any similar ingots were sold or otherwise disposed of by either the shipping company or the Government. The ten ingots recovered from defendant were all of the same size, shape, color and markings as those discharged from the ship to the dock. These ingots were not ordinary commercial items easily purchased on the market, enjoying a wide distribution and suitable for a variety of uses. They belonged to the Government, were distinctive in character and markings, were two and one-half feet long and weighed one hundred pounds. Considering the size and nature of the ingots and the lack of any exculpatory explanation of how they came into appellant's possession, the only reasonable inference to be drawn from the established facts is that the ten ingots were stolen. Competent testimony clearly established ownership of the ingots stolen and their identification with the ingots recovered from appellant. Moreover, from possession of recently stolen goods of such unusual character, size and markings, it may be inferred that appellant knew or had reasonable cause to know the ingots

---

[2] Act of June 24, 1939, P. L. 872, §817, as amended by Act of May 21, 1943, P. L. 306, §1, 18 P.S. §4817.

were stolen. *Com. v. Joyce,* 159 Pa. Superior Ct. 45, 46 A. 2d 529; *Com. v. Roth,* supra.

Although the evidence of appellant's guilt is largely circumstantial, the court below was fully justified in concluding that the ingots found in appellant's possession were part of the forty-eight ingots missing, that the ingots had been stolen, and that appellant knew they were stolen. In *Com. v. Meyers,* 154 Pa. Superior Ct. 8, 34 A. 2d 916, it was contended that the Commonwealth had to prove that the defendant did not get possession of the goods allegedly received from any source other than the alleged owner whose goods were stolen. This Court dismissed that contention and said: "The complete answer to this contention is that the burden resting upon the Commonwealth to prove its case beyond a reasonable doubt does not require it to demonstrate the utter impossibility of innocence. The true rule has been laid down by President Judge KELLER in Com. v. Marino, 142 Pa. Superior Ct. 327, 334, 16 A. 2d 314: 'When a crime charged is sought to be sustained wholly by circumstantial evidence the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and should be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt.' "

The judgment and sentence are affirmed, and it is ordered that the appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.