Commonwealth *v.* Leo, Appellant.

Argued September 9, 1958. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Donald J. Goldberg,* with him *Albert S. Oliensis, Garfield W. Levy,* and *Levy & Oliensis,* for appellant.

*Martin M. Krimsky,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WATKINS, J., November 14, 1958:

This is an appeal from the judgment of sentence of the Court of Quarter Sessions of the County of Philadelphia after conviction of the appellant on the charge of receiving stolen goods.

The appellant, Leonard Leo, waived a jury trial and the charge of receiving stolen goods was tried by the court below without a jury; a demurrer to other indictments with which he stood charged was sustained. He was found guilty, motions in arrest of judgment and for a new trial were denied, and he was sentenced to one and one-half to three years.

The record shows that a Mr. Henry Cianfrani reported to the police the robbery of articles of clothing from his office at 747 South 6th Street, Philadelphia, on August 2, 1957. A striped sport jacket or coat was included in the list of missing articles.

Philadelphia police officers testified that on August 3, 1957, while investigating a reported robbery at 1226 South Broad Street, in the City of Philadelphia, they observed the appellant coming up from the basement of the building wearing a striped sport coat. No one was permitted to leave the building and when the officers returned to the first floor it was noticed that the appellant was not then wearing a coat but the coat was found on a shelf near the entrance of the building. He denied any knowledge of the robbery or the coat. At the trial the officers testified that the coat which they introduced as an exhibit was the one they had seen the appellant wearing.

Mr. Cianfrani described the coat at the time he reported the robbery as a "striped black sport jacket". He testified that the coat had been purchased at Irving's and that it had that shop's label in it. He described the coat in his testimony as "A sort of midnight blue jacket with a white stripe through it, rather

a loud jacket". He identified the coat produced by the Commonwealth by saying, "Yes, that is my sports jacket".

On cross-examination some inconsistencies were brought out in his identification of the coat. He had described it as midnight blue but admittedly it was charcoal gray. He also admitted that there were no identification marks upon which he based his testimony and that his name was not inside the coat. He admitted that there may have been similar coats on the rack of the retail shop where he made his purchase. He was asked on cross-examination, "How are you sure that this is your identical coat?", and answered, "Well, how do you want me to answer that, other than by seeing it and recognizing it as the jacket?".

This appeal raises the question as to whether the evidence is sufficient to sustain the conviction. The Commonwealth has the burden of proving the three distinct elements of the crime of receiving stolen goods as set forth in the Act of June 24, 1939, P. L. 872, Section 817, as amended, by the Act of May 21, 1943, P. L. 306, Sec. 1, 18 PS §4817, to wit: (1) that certain goods have been stolen; (2) that the defendant received some or all of such goods; (3) that he received them knowing, or having reasonable cause to know that they were stolen. *Com. v. Gladden,* 173 Pa. Superior Ct. 545, 550, 98 A. 2d 757 (1953).

There is no question but that there is sufficient, competent evidence that a coat was stolen and that the coat was in the possession of this appellant. The credibility of the witnesses, the inferences to be drawn from the testimony and the reconciliation of inconsistencies in the testimony, if possible, is for the court below sitting as a jury. As to the appellant having received the coat knowing or having reasonable cause to know the same to have been stolen or feloniously taken, we

have held that "unexplained possession in the defendant of property recently stolen is evidence of guilt . . . Since the Commonwealth had no direct proof of defendant's guilty knowledge it remains to examine the reasonableness of defendant's explanation of his possession . . .". *Com. v. Pollack,* 174 Pa. Superior Ct. 621, 623, 101 A. 2d 140 (1953). See also: *Com. v. Kaufman,* 179 Pa. Superior Ct. 247, 116 A. 2d 316 (1955) and *Com. v. Pittman,* 179 Pa. Superior Ct. 645, 118 A. 2d 214 (1955).

In *Com. v. Joyce,* 159 Pa. Superior Ct. 45, 46 A. 2d 529 (1946), we held that, "It is a question of fact for the jury alone to say whether the guilt of a defendant is a reasonable inference of fact, fairly deducible from his possession of recently stolen property, in the light of all the circumstances, including the reasonableness of his explanation, if any, as to how he came by them."

So Judge DOTY of the court below, sitting as the trier of facts, examined the surrounding circumstances as disclosed by all the evidence and his findings are set forth in his opinion, as follows:

"Here, as we have pointed out above, the defendant offered no explanation of his possession of the coat, choosing to challenge the testimony of the two disinterested police officers that they had observed him wearing the stolen property on the night of August 3rd, 1957. In addition, there is credible evidence offered by the police officers from which it can be reasonably inferred that the defendant, after having been observed wearing the subject jacket, attempted to disassociate himself from the incriminating evidence by removing the coat from his person and placing it on top of a coat-rack, where it might conceivably not have been noticed.

"From these facts we have concluded that the defendant was in possession of the stolen jacket 'knowing,

or having reasonable cause to know the same to have been stolen' ".

We agree with this conclusion and judgment of sentence is affirmed.