## Commonwealth *v.* Henderson, Appellant.

Argued June 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Michael L. Levy*, Assistant Defender, with him *Neil Jokelson* and *John W. Packel*, Assistant Defenders, and *Vincent J. Ziccardi*, Defender, for appellant.

*Milton M. Stein* and *Louis A. Perez, Jr.*, Assistant District Attorneys, with them *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, September 30, 1971:
Judgment of sentence affirmed.

———

Concurring Opinion by Jacobs, J.:
On December 16, 1970, appellant was tried, in a non-jury trial, on two bills of indictment—each charging him with larceny and receiving stolen goods. On each indictment he was found not guilty of larceny and guilty of receiving stolen goods.

At trial the following facts were established: On July 31, 1970, appellant, while driving in Philadelphia, was stopped and arrested. The car which he was driving belonged to Mary Newton and had been stolen some time between July 7 and July 14, 1970. Furthermore,

the car bore a license tag belonging to Julie Gylse which had been stolen on July 10, 1970. When appellant was signalled by the police to pull over, he did so promptly and the police officer concluded that appellant made no effort to escape. Appellant demurred to this evidence, but the demurrer was overruled.

Appellant then testified that he had borrowed the car from a man named Richard, who was a friend of the cousin of appellant's fiancée. He claimed that he met Richard on July 31, 1970, while helping his fiancée's cousin move furniture. He further claimed he did not know Richard's last name or address, and his fiancée's cousin either did not know the information or refused to reveal this information to appellant. The trial judge did not attach any validity to this testimony and rejected it as unworthy of belief.

In order for appellant to be guilty of receiving stolen goods the Commonwealth has the burden of proving the three distinct elements of the crime: (1) that certain goods have been stolen; (2) that the defendant received some or all of such goods; and (3) that he received them knowing or having reasonable cause to know that they were stolen. *Commonwealth v. Leo,* 188 Pa. Superior Ct. 36, 145 A. 2d 925 (1958). Appellant acknowledges that the Commonwealth established sufficient facts to sustain its burden as to the first two elements. He contends, however, that, in light of the recent case of *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970), the Commonwealth did not prove, beyond a reasonable doubt, that appellant knew or had reasonable cause to know that he was driving a stolen car.

In *Owens,* supra, the defendant had been found guilty of receiving a stolen pistol. The Supreme Court stated that "[i]t has long been the law in the criminal courts of Pennsylvania that a defendant's unexplained

possession of recently stolen goods is sufficient proof of his guilt of receiving stolen goods. Although the statute defining that crime provides as an express element that the defendant knew or had reason to know that the goods in question had been stolen, [footnote omitted] it has been reasoned that such scienter may be presumed from evidence of mere possession." *Id.* at 320, 271 A. 2d at 231. Since the presumption of guilty knowledge was the sole basis for Owens' conviction, the court then considered this presumption.

The opinion in *Owens* viewed the presumption of guilty knowledge in light of the general teaching of *Leary v. United States,* 395 U.S. 6 (1969), and *Turner v. United States,* 396 U.S. 398 (1970), that ". . . a criminal presumption is unconstitutional 'unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend' . . . ." 441 Pa. at 323, 271 A. 2d at 232. Applying the "more likely than not" test the Court held "that the knowledge presumption concerning receipt of stolen goods is constitutionally infirm, *at least as applied to the circumstances of this case.* . . ." (Emphasis added.) *Id.* at 324, 271 A. 2d at 233.

The Commonwealth contends, *inter alia,* that *Owens* should not be applied where an automobile is involved. I agree.

As indicated, *Owens* invalidated the guilty knowledge presumption as it applied to the facts therein presented. It has been left to other courts to apply the "more likely than not" test to determine if the presumption of guilty knowledge is still valid when applied to other fact situations. The Court in *United States v. Polk,* 433 F. 2d 644 (5th Cir. 1970), considered the "more likely than not" test as it related to an inference of guilty knowledge arising from possession

of a recently stolen automobile, and stated: "Automobiles, like many other items, are not hawked on street corners. Because they are expensive, durable and identifiable, they are usually bought from established dealers or others who can show some proof of their title to the property. Buyers should and generally do seek proof of title. Therefore, it is proper to infer that one possessing a recently stolen car did not haphazardly buy it on the street without knowledge of the theft." *Id.* at 648.

I agree that in a legitimate sales transaction a car buyer will generally seek proof of title before the sale is consummated. One reason *Owens* held that the presumption could not be used in a case involving possession of a stolen pistol was that "the possibilities of innocent acquisition seem myriad: a gift, payment for services rendered, payment of a debt, purchase from a seemingly reputable dealer in used guns." 441 Pa. at 324, 271 A. 2d at 233. In a situation involving a car, proof of ownership will likely be sought before a sale is consummated. Furthermore, such proof of ownership would be sought before a car would be accepted as payment of a debt or as payment for services rendered. About the only situation where a person is not likely to seek proof of ownership is when he borrows a car from a friend; in such a case an explanation is readily available to dispel the presumption. Therefore, it is "more likely than not" that a person who possesses a recently stolen automobile, and does not have a satisfactory explanation, either knows or has reasonable cause to know that it was stolen.

In the instant case when the trier of fact chose to disbelieve appellant's explanation of how he came to possess the car it left the possession unexplained. *Commonwealth v. Cohan*, 177 Pa. Superior Ct. 532, 111 A. 2d 182 (1955). The lower court was then free to infer

from appellant's unexplained possession of the recently stolen car and tags that he received them knowing or having reasonable cause to know that they were stolen.

For the above reasons, I concur in the majority's affirmance of appellant's conviction.

CERCONE, J., joins in this concurring opinion.