## Commonwealth v. Bobkoski

*Samuel C. Ranck,* for Commonwealth.
*James J. Rosini,* for defendant.

MOSER, J., May 3, 1973.—Defendant filed a motion to quash the indictment charging defendant in this case with the offense of receiving stolen goods, alleging that the words used therein to charge the offense were insufficient. It is not denied that the words used in the indictment charge the offense of receiving stolen goods substantially in the language of section 817 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4817, which prohibits that offense.

Where the offense charged is statutory, if the indictment charges the crime substantially in the language of the statute prohibiting the offense, and prescribing the punishment, if any there be, then it is sufficient and good in law: Act of March 31, 1860, P. L. 427, sec. 11, 19 PS §261; Commonwealth v. Campbell, 116 Pa. Superior Ct. 180, 176 Atl. 246; Commonwealth v. Bovaird, 373 Pa. 47, 95 A. 2d 173.

Defendant argues that since the decision in Commonwealth v. Owens, 441 Pa. 318, 271 A. 2d 230, it is no longer sufficient for the indictment to charge the offense of receiving stolen goods in the language of the statute. Prior to that decision, the law in Pennsylvania was that a defendant's unexplained possession

of recently stolen goods is sufficient proof of his guilt of the crime of receiving stolen goods. Although the statute defining that crime provides as an express element that defendant knew or had reason to know that the goods in question had been stolen, it has been reasoned that such scienter may be presumed from evidence of mere possession: Commonwealth v. McFarland, 222 Pa. Superior Ct. 90, 291 A. 2d 903.

In Owens, it was pointed out that a criminal presumption is unconstitutional unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proven fact, leaving the court "with little doubt that the knowledge presumption concerning receipt of stolen goods is constitutionally infirm, at least as applied to the circumstances of this case."

Defendant contends that as a result of the Owens decision, indictments charging the offense of receiving stolen goods must set out evidence showing a basis for such knowledge or a reasonable cause to know. Our consideration of Owens and the subsequent cases considering the same subject leads us to a different conclusion: Commonwealth v. Henderson, 219 Pa. Superior Ct. 454, 281 A. 2d 777; Commonwealth v. Shaffer, 447 Pa. 91, 288 A. 2d 727; Commonwealth v. Shocker, 221 Pa. Superior Ct. 269, 292 A. 2d 492.

An indictment need not contain full and specific details as is required in a bill of particulars, but it must be drawn with such reasonable clearness and certainty as to give defendant fair notice of the substance, time and place of the alleged offense, so that he may be informed in an intelligent manner of the charge he is called on to answer and be protected against a second prosecution for the same offense: Commonwealth ex rel. Banky v. Ashe, 142 Pa. Superior Ct. 396, 16 A. 2d 668; Commonwealth v. Campbell, supra. It

need not furnish specifications of evidence to be adduced by the Commonwealth: Commonwealth v. Wilcox, 316 Pa. 129, 173 Atl. 653. We conclude that Owens did not effect a change in these rules of law relating to indictments.

## ORDER

And now, May 3, 1973, the rule issued by this court on November 20, 1972, directing the district attorney to show cause why the indictment in the above-captioned matter should not be quashed, is dismissed.

An exception is noted for defendant.