## Commonwealth v. Neubauer

*Mark I. Rickles,* Assistant District Attorney, for Commonwealth.

*Barry Ballow,* for defendant.

BODLEY, J., March 31, 1975.—In this case, Edward R. Neubaur, charged with the offenses of operating while under suspension (third offense) and two summary offenses—turning out lights to avoid identification and reckless driving—appeared before the undersigned for trial without jury. Decision was reserved by reason of the legal question discussed herein. The trial judge has now determined that defendant must be found guilty as charged.

The facts are not in dispute. On October 20, 1974, at 2:10 a.m., police came upon a vehicle which was traveling at speeds varying between 60 and 80 miles per hour in a 25 mile-an-hour zone, with its high beams on as it followed another·vehicle. The police turned on their red dome light and, as they pursued the vehicle, the operator turned off his lights in an apparent attempt to elude the pursuers. The police

vehicle attained a speed of 80 miles an hour during the chase.

Eventually, as the police pulled to the fleeing vehicle's left, it swerved to its right behind a house and drove into a field. At that point, the driver fled the scene. The motor was still running and the keys remained in the ignition when the police inspected the vehicle. A general description of the driver noted by the police indicated that he was a white male in his 20's with medium length dark hair, a beard, and wearing a dark jacket. The police were unable to positively identify this defendant as the driver of the car. A registration check revealed that the vehicle was registered to this defendant and his wife, jointly.

At approximately 2:40 a. m., the vehicle in question was reported stolen by defendant's wife to Bristol Township Police Department. She alleged that it had been stolen between 2 a. m. and 2:05 a. m.—it being noted that the approximate time of the chase was 2:10 a. m. At 6:30 a. m. on the same date, investigators went to defendant's house where they saw a man's black leather jacket of the type worn by the fleeing driver. It is of a common type and style. Defendant answered the general description of the driver.

Subsequently, at the invitation of the police, defendant went to the Trevose Barracks of the Pennsylvania State Police where, after having been furnished with Miranda warnings and having signed a waiver of the rights guaranteed him thereby, he admitted that he had been the operator of the vehicle. He explained to the police that he had been afraid of being arrested, knowing that he was under suspension.

Later, one of the investigators drove his vehicle at a speed in excess of the speed limit from defendant's house—the point from which the vehicle had allegedly been stolen—to the point where the fleeing vehicle

was first observed by police. It was observed that the trip took between 15 and 20 minutes, indicating that either defendant's wife was mistaken as to the time of the alleged theft (2 a. m. — 2:05 a. m.), or had lied.

It is conceded by the defense that defendant, at the time of the occurrence was then under suspension for the second time. This offense is thus his third.

Defendant argues that, in view of the inability of the Commonwealth to positively identify defendant as the driver of the vehicle, the case against him cannot be sustained except by way of his confession, and that such a confession can be received only after the corpus delicti of the crime has been established by independent evidence. The Commonwealth concedes that such is the case but argues that, in this case, the corpus delicti has been made out. With this, we agree.

In Commonwealth v. Keating, 18 Bucks 380 (1968), at pp. 382-83, this court in a similar situation held that the corpus delicti of driving while under suspension is established by proof that: (1) a motor vehicle was operated by *someone* at the time and place in question; (2) the operating privileges of that operator were, at the time, suspended; and (3) defendant is identified as the operator.

We held in Keating that the last element must be proven independently of defendant's admission, since an admission that he had been the driver cannot be received into evidence unless and until the corpus delicti has been first established, including necessarily, the identification of defendant as the driver. In Keating, the Commonwealth was able to establish only the first element noted above without the use of defendant's admission, and, hence, defendant was found not guilty. However, in the instant case, the

facts differ somewhat from those in Keating, thereby leading to a contrary conclusion.

It is noted that here, unlike Keating, independent evidence (the registration plate) had established that defendant (with his wife) was the owner of the vehicle which the police pursued. By virtue of section 1212 of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1212, as amended by the Act of July 13, 1959, P. L. 534, sec. 1, 75 PS §1212, the registration plate displayed on the vehicle becomes "prima facie evidence that the owner of such vehicle . . . was then operating the same." Here, of course, although there was co-ownership, it is at once apparent that the description of the driver who fled the scene—a white male with beard—effectively eliminates the wife co-owner. Section 1212 goes on to provide that in order to overcome the prima facie evidence of operation at the time of the violation, the owner during the proceeding must testify under oath that he was not operating the vehicle in question at the time of the violation, and must submit himself to examination as to who was operating the vehicle, revealing the name of the person, if known.

Defendant here did not choose to take the witness stand and deny operation, as most certainly he was unable to do in view of his earlier acknowledgement of the truth of the matter. Accordingly, the independent evidence as to operation by defendant must stand. It has been held that when such identification of an operator is made, there is a reasonable inference of the guilt of the owner-operator.

Our Supreme Court in Commonwealth v. Petrisko, 442 Pa. 575 (1971), referred to the application of the provisions of section 1212 not as a presumption, as it has sometimes been called, but as a permissible

inference which may be drawn, and held that the section is not unconstitutional, as there argued, since the application of the statute does not actually shift the burden of proof from the Commonwealth to defendant. See also Commonwealth v. Bolger, 182 Pa. Superior Ct. 309 (1956), in which the appellate court reversed the lower court's order sustaining a demurrer in a factual situation similar to this, interpreting section 1209 of the Act of May 1, 1929, P. L. 905, art. XII, which contained provisions identical with section 1212 of the present code.

While it is true, as pointed out in Commonwealth v. Russell, 444 Pa. 4, 8-9 (1971), that this section of The Vehicle Code cannot be utilized to establish the identity of the operator of a vehicle in a prosecution for crime generally, yet the Supreme Court there noted that this section *is applicable* and valid in a proceeding for a violation of The Vehicle Code or of any local ordinance or regulation.

Accepting, as we do, the definition of the corpus delicti in the offense of operating while under suspension as it was articulated in Keating, supra, we are satisfied that the Commonwealth met these requirements independently of defendant's admission. And, accepting all of the evidence outlined above, as we must since it is undisputed, the hearing judge finds beyond a reasonable doubt that defendant is guilty of the offense of operating while under suspension (third offense) as well as of the summary offenses charged, turning out lights to avoid identification (section 1038), and reckless driving (section 1001.1).

## ORDER

And now, March 31, 1975, defendant is directed to appear before the undersigned for sentence in Courtroom No, 3, at 10 a. m. on April 11, 1975.