## MONCRIEF *v.* THE STATE.

*Atkinson, J.*—1. Alleged error in admitting evidence cannot be considered by this court when the evidence objected to is not set out and the record does not disclose what ground or grounds of objection were made to it when offered at the trial.

2. Where in a trial for burglary the State insisted that a certain house (in which goods alleged to have been taken from the burglarized premises were found) was in the possession of the accused, and there was evidence tending to show that his possession of such house was shared with another or others, there was no error in charging in substance that the possession of that house could not be treated as that of the accused, unless his possession and occupation of the same was exclusive and not enjoyed by other parties jointly with him; nor in charging that if the accused did in fact have possession with others, this fact could be considered in connection with all the other evidence in passing upon the question of his guilt or innocence.

3. There was no error at the trial, and there being evidence sufficient to warrant the conviction, the verdict of guilty, after its approval by the trial judge, should not be disturbed.

*Judgment affirmed.*

*Simmons, C. J.*, dissenting.—The evidence in this case is wholly circumstantial and does not exclude every other reasonable hypothesis than that of the guilt of the accused. It may tend to raise a suspicion of his guilt, but is not inconsistent with a reasonable supposition of his innocence.

August 10, 1896.

Indictment for burglary. Before Judge Harris. Coweta superior court. September term, 1895.

Lee Moncrief was indicted for breaking and entering the carriage-house of J. W. Arnold and stealing therefrom a set of buggy harness, a saddle and a buggy rug. He was found guilty, and his motion for a new trial was overruled. The motion was upon the grounds that the verdict was contrary to law and evidence; and that the court erred:

"In allowing and permitting evidence of Byron Dearing that defendant and himself had placed a gun in the fodder loft, which was not connected with the crime charged." It is not stated in this ground that this evidence was ob-

jected to.    There was evidence that the harness stolen was found in the same loft in which, according to the evidence of Dearing, defendant and himself had placed a gun they had stolen.    This fodder loft belonged to the father of the defendant.    There was evidence for the State, that the defendant kept his horse in a separate stable from his father's, there being three stables on his father's lot, and kept his fodder up above, and that it was in this fodder loft that the harness was found.    For the defense there was evidence that the fodder loft belonged to the father of defendant; that others besides defendant had access to it; that it was not kept locked, there was no lock to it; that the fodder and corn in it belonged to defendant's father, etc.

"In permitting any evidence, over objection of defendant's counsel, as to any other charge made against defendant not connected with the crime charged in the bill of indictment."    Also, "In permitting any evidence going to show that defendant was or had been guilty of any other offense except the one for which he was being tried."    It is not stated in either of these grounds what objection was made to the evidence, nor is the evidence set out therein.

In charging:  "When the possession sought to be proved on the part of the accused consists of the asserted fact that the stolen property was found in the house of the defendant, it must be shown that the possession and occupation of the house by the defendant was exclusive and was not enjoyed by other parties jointly with him.    If you find the house was used by others, by others with him, such evidence would not alone authorize a conviction, but such fact may and should be considered by the jury, together with all the evidence in the case, in passing upon the guilt or innocence of the person charged."

In the following charge, which is a mere statement of defendant's theory, without further instructions as to the same:    "The defendant denies the charge made by the State.    He insists in the first place, that the evidence sub-

mitted by the State is not sufficient to authorize a conviction in this case; he insists that if it is true that a burglary was committed and the harness, the property described in the bill of indictment, was stolen, and if that property was subsequently found in the barn or loft that has been alleged to be here in the evidence, that this evidence does not show beyond a reasonable doubt that that house was his, or was in his control; he insists that the property was in the custody and control of another, therefore the State has not put the possession on him and the evidence does not authorize a conviction. He further insists, if there be evidence of the fact that after these were found that he absconded and fled, he insists that the truth is he did not flee by reason of the fact that he was guilty of this charge, but he claims that part of his conduct is attributable to the fact that he was charged with complicity with another matter, and that was the reason he left, and that it had no connection with the charge made in this case."

*McLaughlin & Jones*, for plaintiff in error.
*T. A. Atkinson, solicitor-general*, contra.