470 P.2d 686

**STATE of Arizona, Appellee,**

v.

**William Thomas DAUGHERTY and Jake Vaughn, Appellants.**

**No. 1 CA–CR 191.**

Court of Appeals of Arizona, Division 1.

June 24, 1970.

Rehearing Denied July 24, 1970.

Review Denied Oct. 6, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellants.

HOWARD, Chief Judge.

The defendants are appealing from a judgment entered against them on jury verdicts of guilty to burglary in the second degree and grand theft.

At the trial both defendants were represented by a single attorney from the Public Defender's Office. The testimony at the trial was that a safe was taken from a restaurant. The owner of the restaurant discovered the burglary on the morning of May 20, 1968, when he came to open the restaurant. He also discovered that the back door of his restaurant was open. The record does not reflect whether the back door had been opened with a key, whether it had been opened with force, or by some other means. The police came and the safe was discovered sitting on the grass in a nearby alley.

The State's witness, Patrolman Meere, testified that on the morning of May 21, 1968, he was on a stakeout with Patrolman Ayers near the safe. Shortly before 5 o'clock in the morning he heard a car and saw defendant Daugherty walk down the alley, throw a blanket over the safe and begin to pull it away. Ayers testified that he found the car and Jake Vaughn was next to it. He placed Vaughn under arrest. In the car he found two pry bars and a duffle bag containing three screwdrivers. There was also testimony that one of the pry bars found in the car made marks similar to the marks on the aluminum siding near the door of the restaurant and that this pry bar had made those marks.

During Daugherty's testimony, while he was being questioned by counsel for the defense, the deputy county attorney held up a rap sheet. The record does not reflect whose rap sheet it was. Defense counsel moved for a mistrial and the motion was denied.

Officer Ayers also testified that while defendant Daugherty was lying on the ground beside defendant Vaughn, after their apprehension, Daugherty said, "Well, it almost worked."

The defendants present the following questions for review: (1) Did the court err in misinstructing the jury on the inference to be drawn from the possession of recently stolen property? (2) Were the defendants denied effective assistance of counsel when they were represented by the same counsel? (3) As to the defendant Vaughn, was the alleged inculpatory statement of defendant Daugherty erroneously admitted against him? (4) Was the deputy county attorney guilty of misconduct? (5) Was there sufficient evidence to convict either defendant?

## POSSESSION OF RECENTLY STOLEN PROPERTY

Defendant Daugherty claims that as to him the court erred in instructing the jury on the inferences to be drawn from the possession of recently stolen property. The court instructed the jury as follows:

"The mere fact that a person was in conscious possession of recently stolen property is not enough to justify his conviction of burglary. It is, however, a circumstance to be considered in connection with other evidence.

To warrant a finding of guilty, there must be proof of other circumstances tending of themselves to establish guilt.

In this connection, you may consider the defendant's conduct, his false or contradictory statements, if any, and any other statements he may have made with reference to the property.

Now the mere fact that a person was in conscious possession of recently stolen property is not enough to justify his conviction of theft. It is, however, a circumstance to be considered in connection with the other evidence.

To warrant a finding of guilty, there must be proof of other circumstances tending of themselves to establish guilt.

In this connection, you may consider the defendant's conduct, his faults [sic] or contradictory statements, if any, and any other statements he may have made with reference to the property."

Daugherty claims that the instruction is not applicable to him because the safe was in a public alley. He erroneously reasons that since it was a public alley other persons had a right to use the alley, ergo, his possession was not exclusive. He ignores the fact that he threw a blanket over the safe and dragged it for some 25 yards.

■ Possession of stolen goods means the power and intent to control. Commonwealth v. Dravecz, 207 Pa.Super. 483, 218 A.2d 587 (1966); Gamble v. State, 2 Md. App. 271, 234 A.2d 158 (1967); United States v. Cordo, 186 F.2d 144 (N.Y.1951). The evidence sufficiently shows that Daugherty had physical custody of the safe and was exercising the power and intent to control. The court did not err in giving the instruction as to Daugherty.

Defendant Vaughn claims that the instruction was erroneous as to him since he never even touched the safe.

■ The rule is that where two or more persons are acting in concert the possession of one is the possession of all. State v. Little, 5 Utah 2d 42, 296 P.2d 289 (1956); State v. Crawford, 59 Utah 39, 201 P. 1030 (1921); State v. Wright, 22 Del. (6 Penn.) 251, 66 A. 364 (1907); Cogshall v. State, Tex.Cr.App., 58 S.W. 1011 (1900); Moncrief v. State, 99 Ga. 295, 25 S.E. 735 (1896). There must, of course, be something else in the evidence to connect the defendant Vaughn with the crime. In the case sub judice we believe there was such other evidence. A pry bar was found in a duffle bag in the back seat of the car Vaughn was driving and an expert witness testified that this bar was used on the burglarized premises. They both were in the near vicinity of the burglarized premises when Daugherty "coincidentally" stumbled on to the purloined safe. The trial court did not err in giving the instruction as to defendant Vaughn.

## DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

■ The attorney for the defendants, for the first time on appeal, maintains that when there is a conflict of interest between co-defendants the court must appoint separate counsel for each defendant. In State v. Pickard, 105 Ariz. 219, 462 P.2d 87 (1969), the court pointed out that before a defendant is entitled to a new trial it is necessary to show that there was, in fact, a conflict of interest, that by virtue of that conflict his own case was in some way prejudiced and that the question was raised before the trial court so that the court had an opportunity to correct the error. Not one of those prerequisites is present in this case. There is no showing of a conflict of interest. Neither defendant at any time sought to blame the other. Both defendants testified and told essentially the same story. Defendants' contention on this issue is without merit.

## THE ADMISSION OF DAUGHERTY'S ALLEGED INCULPATORY STATEMENT

■ Defendant Vaughn claims that under the doctrine announced in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the court erred in allowing into evidence Daugherty's statement, "Well, it almost worked." As we read Bruton, in order for the statement of the co-defendant to be reversible error it must incriminate and inculpate the other defendant. State v. Olivas, 10 Ariz.App. 285, 458 P.2d 379 (1969). We do not believe Daugherty's statement achieves Bruton stature and there was, therefore, no error in admitting it into evidence.[1]

1. There was no objection by defense counsel at any time to the admission of this statement.

## MISCONDUCT OF COUNSEL

During the direct examination of Daugherty, the defense attorney asked to approach the bench claiming that the deputy county attorney was holding up a "rap sheet" in full view of the jury. Defendants moved the court for a mistrial which was denied. The county attorney does not deny the charge. However, we see no error since there was no showing that the jury, in fact, was able to see the nature or the contents of the sheet. Further, both defendants admitted that they had previous felony convictions.

## SUFFICIENCY OF THE EVIDENCE

Defendants attack the sufficiency of the evidence on two grounds: (1) The lack of any explanation as to how the safe was taken from the building, and (2) the inapplicability of the "recent possession of stolen goods" rule. We have already discussed the second point and concern ourselves only with the first point, the entry.

There was no clear-cut explanation as to how the premises were entered. We do know that when the restaurant was closed it was locked and the safe was in the building. The next day there was evidence of an attempt to pry open the front door and the back door was open. The safe was gone. The State need not prove that entry was made in any particular way. People v. Stanton, 16 Ill.2d 459, 158 N.E.2d 47 (1959). We believe the evidence was sufficient to show an unlawful entry. See also, Humphries v. State, 149 Ga. 480, 100 S.E. 637 (1919); Sirmans v. State, 28 Ga.App. 122, 110 S.E. 622 (1922); People v. Gray, 128 Cal.App.2d 688, 276 P.2d 47 (1954); People v. Blain, 46 Cal.App.2d 844, 117 P.2d 27 (1941).

The judgment is affirmed.

HATHAWAY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.