Commonwealth *v.* Russell, Appellant.

Argued April 22, 1971.   Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Harry J. Greenstein,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 15, 1971:

Appellant pleaded not guilty to charges of burglary, larceny and receiving stolen goods. He waived a jury trial and was acquitted of burglary and larceny but convicted by Judge MARGIOTTI of receiving stolen goods. His motions for new trial and in arrest of judgment were denied, and he was sentenced to a term of two to five years. An appeal to the Superior Court resulted in a per curiam affirmance of the judgment of sentence with Judge HOFFMAN filing a dissenting opinion. Thereafter, we granted allocatur.

The facts of the case, briefly stated, are as follows:

The victim of the crime left her home at 5:30 p.m. on May 11, 1968, for an overnight visit. At 11 p.m. on that date the victim's next-door neighbor observed an automobile in the common driveway serving his home and the victim's. He was suspicious of the circumstances and made a mental note of the New Jersey license plate number of the vehicle which he had observed. When the victim returned home the next afternoon, she found that one of the doors to her home had been forced and that a number of items of personal

property were missing, including an antique mantel clock.

Her neighbor informed the police of what had occurred the previous evening and gave them the license number. A check with the New Jersey police indicated that the license plate was registered to appellant at an address in Camden. On May 19, 1968, appellant was arrested on a charge unconnected with this case and was taken to a police station in Philadelphia. There a police officer noted the license plate number on his automobile and realized that it was on a "wanted" list in connection with the burglary of the home of the victim. On May 22, 1968, the police officer, in company with two detectives from New Jersey, went to the designated address in Camden. They had no search warrant, but they were admitted to the premises by appellant's sister-in-law, who was in fact the occupier of the premises in Camden. They there found what was later identified by the victim as the antique mantel clock, stolen from her home. The victim's neighbor, who had noted the license number, was unable to identify the occupant of the automobile, and in fact was unable to give any description of the occupant of the automobile which he had observed in the driveway on the night of the burglary.

The Commonwealth did not, however, prove that appellant was in possession of the clock at the time it was discovered. In fact, Marie Russell, appellant's sister-in-law, and the occupant of the Camden premises, told the Commonwealth's detective that the clock was hers and she had bought it several months earlier at a Goodwill store. She also told the detective that appellant had not lived at her Camden address since March, 1968, when her husband, appellant's brother, had died. Consequently, although Mrs. Russell admitted that appellant had been at her house on May 19, a few days be-

fore the clock was found, there was no direct evidence that appellant was ever in possession of the clock.

For this missing link in the proof, the court relied on The Vehicle Code, Act of April 29, 1959, P. L. 58, §1212; July 13, 1959, P. L. 534, §1, 75 P.S. §1212, which provides as follows: "In any proceeding for a violation of the provisions of this act or any local ordinance, rule or regulation, the registration plate displayed on such vehicle or tractor shall be prima facie evidence that the owner of such vehicle or tractor was then operating the same. If at any hearing or proceeding, the owner shall testify, under oath or affirmation, that he was not operating the said vehicle or tractor at the time of the alleged violation of this act or any local ordinance, rule or regulation, and shall submit himself to an examination as to who at that time was operating such vehicle or tractor, and reveal the name of the person, if known to him, or, if the information is made in a county other than that of his own residence, shall forward to the magistrate an affidavit setting forth these facts, then the prima facie evidence arising from the registration plate shall be overcome and removed and the burden of proof shifted."

Relying on this presumption, the trial court concluded that appellant was the operator of the vehicle observed by Mr. Laub at or near the time and place of the burglary. The additional fact of the discovery of the stolen clock at appellant's sister-in-law's house apparently then led the court to the conclusion that appellant was either in possession of the clock when it was discovered, or had in fact possessed the clock by transporting it from the victim's house to Mrs. Russell's house.

Appellant argues, as did Judge HOFFMAN in his dissenting opinion in the Superior Court, that the above-quoted section of The Vehicle Code, by its very terms,

applies only to a proceeding for a violation of it or of any local ordinance or regulation. We agree with this position. Furthermore, as Judge HOFFMAN pointed out, any such presumption, in a criminal case, would be constitutionally invalid. In order for the prosecution to rely on the presumption that appellant was operating the automobile when it was seen in the victim's driveway on the night of the burglary, there must be "substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States,* 395 U.S. 6, 36, 89 S. Ct. 1532, 1548 (1969).

The Commonwealth, in its brief, seems to recognize the error made by the trial court in speaking of a presumption of the operation of a motor vehicle from the fact of ownership. However, it argues that the so-called "presumption" was actually treated as a permissible inference which, absent an explanation from appellant, was simply another piece of highly probative circumstantial evidence linking appellant to the crime. Viewed in this light, the presence of appellant's car, without more, would not prove appellant's presence at the victim's home on the night of the burglary. At most, it would prove that either appellant, someone driving the car with appellant's permission, or someone who had stolen appellant's car, was present at the victim's house on the night of the burglary. The Commonwealth also proved that when appellant was arrested in New Jersey, he was in possession of his car. This substantially eliminates the possibility that his car was being operated by a car thief when it was viewed at the victim's house. Thus, either appellant, or someone authorized by him, was driving the car at the time of the burglary. The fact that the possibility of another's guilt has not been ruled out by evidence of the presence of appellant's car does not, of course, mean that the

presence of the car cannot be used as a piece of evidence linking appellant to the crime. For, as we explained in our recent decision in *Commonwealth v. Petrisko*, 442 Pa. 575, 580, 275 A. 2d 46 (1971) : ". . . it is not necessary that each piece of evidence be linked to the [defendant] beyond a reasonable doubt. It is only necessary that each piece of evidence include the [defendant] in the group who could be linked while excluding others, and that the combination of evidence link the [defendant] to the crime beyond a reasonable doubt."

But even if we grant that the fact of the presence of appellant's car at the scene of the burglary does contribute one highly probative piece of evidence, albeit circumstantial, of appellant's guilt of the burglary, the crucial question must still be answered: Does the combination of evidence link appellant to the crime beyond a reasonable doubt?

The only other fact offered to link appellant to the theft was the presence of the stolen clock at his sister-in-law's house. Such a fact, by itself, is not sufficient to show that appellant had such a measure of control over the clock so as to be in legal possession of it. *Montoya v. United States*, 402 F. 2d 847 (5th Cir. 1968) ; *Commonwealth v. Dravecz*, 207 Pa. Superior Ct. 483, 218 A. 2d 587 (1966). There is not even the proximity between appellant and the stolen clock which existed between defendants and the items possessed in *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A. 2d 476 (1971), which proximity we said was not enough to show possession. The mere presence of the clock at his sister-in-law's house, without proof that appellant was living with his sister-in-law, does not link appellant to the crime beyond a reasonable doubt, because the possibility still exists that someone, driving the car with appellant's permission, and having similar access to his

sister-in-law's house, committed the theft of the clock. See *Commonwealth v. Davis*, 444 Pa. 11, 280 A. 2d 119 (1971).

The Commonwealth also emphasizes the evidence which shows that Mrs. Russell tried to exculpate her brother-in-law by stating that he had moved to 2811 North Front Street, at which premises the police discovered a burned-down building. We do not believe that proof of Mrs. Russell's lie proves that appellant lived at her home. Thus, the Commonwealth has still not proved, beyond a reasonable doubt, that appellant was in possession of the stolen clock.

Judgment of sentence reversed, judgment arrested and appellant discharged.

Mr. Justice JONES, Mr. Justice EAGEN, Mr. Justice POMEROY, and Mr. Justice BARBIERI concur in the result.

Mr. Chief Justice BELL dissents.