Commonwealth *v.* Davis, Appellant.

12

[REDACTED]

Argued October 6, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

[REDACTED]

*Edward Dangel, III,* with him *Alan Frank,* for appellant.

*Carol Mary Los,* Assistant District Attorney, with her *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, August 4, 1971:

Appellant, Alonzo Davis, was convicted of receiving stolen goods. While several issues lurk in this appeal,

our independent review of the record convinces us that there is insufficient evidence to prove beyond a reasonable doubt that appellant ever "received" the merchandise in question. Accordingly, we reverse.

Initially, we note that the conduct of appellant's self-retained counsel in this case offends the dignity of this Court and has deprived appellant of effective assistance of counsel. This case was argued on October 6, 1970. At that time, counsel for appellant had failed to file any brief, contrary to our rules of court. However, oral argument was permitted on the assurance that a brief would be forthcoming promptly, as the issues involved were complex and concerned developing areas of the law.[1] Our prothonotary has contacted both of appellant's counsel repeatedly since that time in an effort to have the brief submitted. More than nine months have passed since oral argument, and appellant's brief has yet to be made available. We are mystified by such flagrant disrespect to our Court and equally reprehensible jeopardizing of appellant's interests in violation of the canons of the Code of Professional Responsibility of the American Bar Association, formally adopted by our Court mandating that a lawyer represent his client competently and zealously within the bounds of law. One of appellant's counsel is not a member of the bar of this Commonwealth and was granted special permission to argue orally before our Court. He has abused that privilege. Had an examination of the record not disclosed a clear lack of sufficient evidence to support the conviction, we would have had to remand this case for the appointment of new counsel and additional argument, to the prejudice of appellant who remains incarcerated while his counsel follow other pursuits. Also, an unnecessary burden is added to the

---

[1] Cf. *Commonwealth v. Owens*, 441 Pa. 318, 271 A. 2d 230 (1970).

appellate process. We strongly condemn counsels' behavior and will refer the matter to the appropriate authorities for further action.

The pertinent facts as set forth by the court en banc and viewed in the light most favorable to the Commonwealth, disclose the following. The narcotics squad of the Pittsburgh police department had the premises at 7818 Bennet Street, Pittsburgh under surveillance for a number of weeks. On April 25, 1968, the police entered the premises pursuant to a lawfully issued warrant and proceeded to conduct a search of the building for narcotics. A search was made of the first floor and the basement, for the police had information concerning an alleged hiding place in a powder room in the cellar. During this search the officers discovered four women's dresses with portions of the price tags still attached in a locked cupboard in the basement. The key to the cupboard was in the possession of appellant's mistress, Patricia Kendall Davis. Subsequent investigation disclosed that the dresses had been stolen, although there was a dearth of evidence as to how recently.[2]

The dwelling was owned jointly by appellant's former wife, Colleen Davis, who was living at the time of the raid, and James and Henrietta Harris, her brother and sister-in-law, none of whom resided in the house. Patricia Kendal Davis, appellant's present wife and former mistress, lived in the first floor apartment. Appellant had clothing in the bedroom of her apartment and was observed spending the night there on several occasions.

---

[2] Although the record is far from clear, it would appear that two of the dresses, which were taken from the Joseph Horne Company and valued at $32.00 and $52.00, respectively, could have been stolen anytime during the six months preceding their discovery. The other two dresses were Kimberly knit suits taken from Gimbels

Appellant was indicted on a bill charging him with receiving stolen goods. After a trial by jury, he was convicted on April 16, 1969. Post-trial motions were heard and denied by the court en banc on August 5, 1969. Appellant was sentenced to a term of not less than two and one half nor more than five years. The Superior Court affirmed per curiam without opinion, with Judge HOFFMAN filing a dissenting opinion in which Judge MONTGOMERY joined. We granted allocatur.

It is settled that the Commonwealth has the burden of proving three distinct elements of the crime of receiving stolen goods: (a) that the goods are stolen; (b) that the defendant received such goods; and (c) that he received them knowing, or having reasonable cause to know, that they were stolen. See, e.g., *Commonwealth v. Leo*, 188 Pa. Superior Ct. 36, 145 A. 2d 925 (1958).

It is uncontested that the dresses at issue were stolen. However, this record also clearly fails to establish that appellant was ever in actual physical possession of the dresses. Absent literal possession, a defendant can be said to be in possession of stolen goods only when it is proved that he exercised conscious control or dominion over those goods. See, e.g., *State v. Daugherty*, 12 Ariz. App. 366, , 470 P. 2d 686, 688 (1970); *Makins v. State*, 6 Md. App. 466, , 252 A. 2d 15, 19 (1969); *Bunter v. United States*, 245 A. 2d 839, 843 (D.C. Ct. App. 1968); *State v. Flores*, 76 N.M. 134, 136, 412 P. 2d 560, 561 (1966).

We agree with the view advocated by Judge HOFFMAN in his dissenting opinion that the record contains no evidence that appellant had control over the dresses.

and valued at $60.00 and $70.00, respectively. One of them was stolen sometime in the two months prior to its discovery, and the other sometime in the past week.

Appellant was not the owner of the building, nor were there any leases, utility and telephone bills, rent receipts or other indicia that he was other than a visitor with Miss Kendall. Miss Kendall had the keys to the closet where the goods were found, and there is no evidence that appellant likewise had access to that closet. "Undoubtedly, the fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered: 9 Wigmore on Evidence (3rd ed.) §2513. Cf. Com. v. Ault, 10 Pa. Superior Ct. 651." *Commonwealth v. Kauffman*, 155 Pa. Superior Ct. 347, 351, 38 A. 2d 425, 427 (1944).

Our recent decision in *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A. 2d 476 (1971) casts further doubt on appellant's conviction. There, a police raid upon a private home discovered seven persons congregated in a game room along with an open jar containing marijuana and an ashtray containing four marijuana cigarette butts. Appellants' convictions of illegal possession of marijuana were reversed by this Court on the ground of insufficient evidence. Implicit in that decision was a rejection of the inference of possession from mere proximity. See also *Commonwealth v. Russell*, 444 Pa. 4, 279 A. 2d 185 (1971).

The order of the Superior Court is reversed and the record remanded to the trial court with instructions to enter an order sustaining the motion in arrest of judgment.

Mr. Justice JONES concurs in the result.

Mr. Justice COHEN took no part in the decision of this case.

———

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I agree with the Court's position with respect to the inexcusable actions of counsel. However, I would af-

firm the conviction because I believe the Commonwealth's evidence was sufficient to prove defendant's guilt beyond a reasonable doubt. Furthermore, defendant took only a general exception, and several points which the Majority rely on for reversal and discharge are, in my judgment, devoid of merit.

For these reasons, I dissent.