## Commonwealth v. Todd & Schell

*Joseph C. Madenspacher,* for Commonwealth.
*John. F. Pyfer, Jr.,* for petitioners.

BUCKWALTER, *J.,* October 30, 1981 —
Defendants have filed petitions for writ of habeas
corpus raising the following issues.

First, should this court dismiss the criminal
complaint, quash the arrest warrant and quash the
district justice's return of the charges against de-
fendants because goods received by defendants
were not stolen?

Second, should this court dismiss the criminal
complaint, quash the arrest warrant and quash the
district justice's return of the charges against de-
fendants because the affidavit filed in support of
the arrest warrant failed to adequately address the
credibility of the informant?

The factual background necessary to address the
first question is simply that at a preliminary hear-
ing held for both defendants on July 2, 1981, the
testimony indicated that none of the property al-
legedly purchased by defendants was indeed stolen

property. Because of case law cited by defendants in this area the court feels it is necessary to compare the definition of receiving stolen property under the present Crimes Code as well as under the now repealed Penal Code of 1939.

The present Crimes Code, 18 Pa.C.S.A. §3925, defines receiving stolen property as follows: "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner."

The Penal Code of June 24, 1939, P.L. 872, 18 P.S. §4817, defined the crime of receiving stolen property as follows: "Whoever buys, has, or receives any goods, chattels, money or securities, or any other matter or thing, *which shall have been stolen or feloniously taken* [emphasis supplied] either in this Commonwealth or in any other state or country, knowing, or having reasonable cause to know the same to have been stolen or feloniously taken, is guilty of a felony. . . ."

The above cited statute from the Penal Code was in force prior to June 6, 1973, the effective date of the Crimes Code.

Defendants suggest in their brief that in order to establish the offense of receiving stolen property the Commonwealth must establish among other things that the goods are stolen. In support of this proposition the cases of Com. v. Gore, 267 Pa. Superior Ct. 419, 406 A. 2d 1112 (1979), and Com. v. Peluso, 481 Pa. 641, 393 A. 2d 344 (1978), are cited. A review of the Gore case indicates that the Superior Court based its findings as to the elements of the crime of receiving stolen property on the Supreme Court case of Com. v. Davis, 444 Pa. 11, 280 A. 2d 119 (1971). The Davis case established

the elements of the crime of receiving stolen property as they were under the Penal Code of 1939 cited above. Moreover, the Peluso case, cited by defendants, while being decided by our Supreme Court in 1978, involved a charge of receiving stolen goods arising on January 27, 1972 and being brought under the 1939 Penal Code. Neither of the cases cited by defendants, therefore, are applicable to the present statute under the Crimes Code.

There appear to be no appellate court cases in Pennsylvania addressing the issue as to whether or not the Commonwealth must establish that the goods are stolen in order to sustain a conviction under the Crimes Code definition of receiving stolen property cited above. Thus in ruling upon the first issue raised by defendants, it is this court's duty to carry out the apparent intent of the legislature. In so doing, if the meaning of a statute is clear the legislative intent is controlling, even though principles of statutory construction might require strict construction of penal statutes. In this regard, a quote from United States v. Raynor, 302 U.S. 540, 552, 585, 58 S. Ct. 353, 82 L. Ed. 413 (1938), rehearing denied 303 U.S. 665, 58 S. Ct. 520, 82 L. Ed. 1123 (1938), is appropriate:

"We are not unmindful of the salutary rule which requires strict construction of penal statutes. No rule of construction, however, requires that a penal statute be strained and distorted in order to exclude conduct clearly intended to be within its scope — nor does any rule require that the act be given the 'narrowest meaning.' It is sufficient if the words are given their fair meaning in accord with the evident intent of Congress."

It would indeed strain and distort the current statute involving receiving stolen property if this

court were to say that an element of that statute is that the goods must be stolen. Nowhere in the body of the statute does that requirement appear. The statute itself refers only to movable property of another and does not state as the Penal Code clearly did that the goods shall have been stolen or feloniously taken. Moreover, as the Commonwealth correctly points out in its brief, the current Crimes Code statute is similar in all pertinent respects for purposes of this opinion to the Model Penal Code. The comments to that code make it clear that there is no requirement that the property in fact be stolen.

Finally, the existing statute under the Crimes Code is in keeping with the traditions of criminal law which developed both in Great Britain and correspondingly in this country centuries ago. This tradition is best expressed by referring to the maxim, "Actus non facit reum, nisi mens sit rea." Black's Law Dictionary translates the preceding maxim as, "An act does not make [the doer of it] guilty, unless the mind be guilty; that is, unless the intention be criminal." In Morissette v. United States, 342 U.S. 246, 250, 72 S. Ct. 240, 96 L. Ed. 288 (1952), in commenting on the requirement that criminal intent must exist before an act can amount to a crime, the Supreme Court said: "It [the requirement of criminal intent] is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil." In brief, our system of criminal law traditionally emphasized criminal intent and that is precisely what the present Crimes Code does.

The receiving stolen property statute under that code reflects our system of jurisprudence wherein

normally an act alone is not a crime but may amount to one if criminal intent exists concomitantly with the act.

As to the second question raised by defendants, the appropriate remedy to test the legal sufficiency of the affidavits in support of arrest warrant would be a pre-trial motion in the nature of a motion to suppress evidence.

Based on the foregoing opinion, the court enters the following

## ORDER

And now, October 30, 1981, the petitions for writ of habeas corpus filed by defendants Robert B. Todd and Thomas Schell are denied.