JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Santina Prater appeals from her conviction for receiving stolen property in violation of R.C. 2913.51. The appellant was sentenced to five years of community control sanctions.
 {¶ 2} On January 26, 2000, Richard Thomas returned from an evening out with his family only to discover that his home had been entered by an unknown intruder and some of his possessions taken. Mr. Thomas promptly notified the Maple Heights Police Department and an investigation commenced. The intruder removed stereo equipment, an entertainment center, clothing, electronic games, and more than 1,000 compac discs. The police discovered that entry into the home had been forced. They also observed a large boot-print in the snow near the rear window of the victim's home. These footprints were estimated to be from a man's size thirteen shoe. Tire tracks were located in the driveway and in the grassy area next to the drive. During the evening, one neighbor heard noises and, after peering out the window, observed a man in a black hooded sweatshirt exiting the victim's home. A red vehicle was parked in the victim's driveway. During the investigation, Mr. Thomas informed the police that his ex-girlfriend, the appellant, had access to a maroon vehicle.
 {¶ 3} While not the motor vehicle suggested by the victim, a red Pontiac Grand Prix was found at the appellant's home at approximately 5:00 a.m. on January 27, 2000. From inside this vehicle the police recovered the appellant's property. The police discovered that this vehicle was registered to Mr. William Allen and had been stolen from his Warrensville Heights home. The police observed fresh footprints in the snow leading from this vehicle to the door of appellant's residence. The appellant permitted the police officers to enter her home and in the foyer the officers noted the presence of the appellant's shoes and those of her children, but no large boots. No other adult was observed at the appellant's home. The appellant denied any knowledge of the red vehicle in her driveway.
 {¶ 4} The appellant asserts two assignments of error, the second of which will be considered first.
 {¶ 5} In the second assignment of error, the appellant argues that the trial court erred in denying her Crim.R. 29 motion for acquittal because there is insufficient evidence to support a conviction. The appellant asserts that mere possession of stolen goods without an accompanying manifestation of a possessory interest is not sufficient to support a conviction. The appellant states that the culpable mental state under this statute is knowledge or a reasonable cause to believe and that the appellee produced no evidence at trial that she either knew or should have known the stolen items were in front of her home.
 {¶ 6} The Ohio Supreme Court has clarified the distinction between reviewing questions of manifest weight of the evidence and questions of sufficiency of the evidence. In State v. Thompkins (1997),78 Ohio St.3d 380, the court found that with respect to sufficiency of the evidence, in essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. at 386. In addition, a conviction based upon legally insufficient evidence is a denial of due process. Thompkins, supra, citing to Tibbs v. Florida (1982), 457 U.S. 31, 45. As Justice Cook succinctly stated in the concurrence of Thompkins, a challenge to the sufficiency of evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. Courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.
 {¶ 7} In reviewing a record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Cassano, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, citing Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, and Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560. When conducting this review, this court does not weigh the evidence; our inquiry is limited to whether reasonable minds could reach the conclusion reached by the trier of fact. See State v. Lamar,95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166.
 {¶ 8} The offense of receiving stolen property has been defined by the legislature in R.C. 2913.51(A) as follows, "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." The Ohio Supreme Court has held that the word "receiving" implies that the property came into defendant's possession with his knowledge, consent, and approval. State v. Worley (1976),46 Ohio St.2d 316, 75 O.O.2d 366.
 {¶ 9} This court notes that, absent an admission by a defendant, whether there was reasonable cause for a defendant to know if an item was stolen can only be shown by circumstantial evidence. See State v.Hankerson (1982), 70 Ohio St.2d 87, 92, 434 N.E.2d 1362. In fact, dominion and control can be proven by circumstantial evidence alone.State v. Jenks (1991), 61 Ohio St.3d 259, 272, 574 N.E.2d 492,2002-Ohio-587. Factors to be considered in determining whether reasonable minds could conclude whether a defendant knew or should have known property has been stolen include: (a) the defendant's unexplained possession of the merchandise; (b) the nature of the merchandise; (c) the frequency with which such merchandise is stolen; (d) the nature of the defendant's commercial activities; and, (e) the relatively limited time between the theft and the recovery of the merchandise. See State v.Davis (1988), 49 Ohio App.3d 109, 112, 550 N.E.2d 966, quoting State v.Brooks (Feb. 27, 1986), Cuyahoga App. No. 5038.
 {¶ 10} The mere fact that property is located within premises under one's control does not, of itself, constitute constructive possession. State v. Hankerson 70 Ohio St.2d 87, 97. There must be a showing that the person was conscious of the presence of the object. Absent this element, one could be found to be in illegal possession of stolen property surreptitiously placed in or upon his property by another. Hankerson, citing to State v. Motyka (1973), 11 R.I. 38,298 A.2d 793; Amaya v. United States (C.A. 10, 1967), 373 F.2d 197;Commonwealth v. Davis (1971), 444 Pa. 11, 280 A.2d 119. Constructive possession requires a showing of conscious possession. Hankerson, supra.
 {¶ 11} In the case sub judice, no evidence was presented placing the appellant at the scene of the theft. In fact, the state has not alleged that the appellant aided or abetted the theft of the appellant's property in any manner. The only evidence tying the stolen property to the appellant is the fact that the property was recovered in her driveway, inside a stolen car. As suspicious as that evidence may be considered in and of itself, it is not sufficient to support the appellant's conviction. There was no evidence presented that the appellant was involved in the theft of the vehicle and the jury acquitted the appellant of receiving the vehicle as stolen property. The police did not locate the stolen vehicle at the appellant's home until 5:00 a.m., a time when many people are sleeping. Upon investigation, the officers found no other adult present in the home and no shoes or boots matching the footprints found at the Thomas home. Granted, there were footprints leading from the stolen vehicle to the appellant's home, but there is no evidence that the perpetrator gained entry. There was no evidence presented that the appellant knew that the car and its contents were in her driveway and absent some evidence to be considered in the state's favor, the state has failed to meet its burden of production.
 {¶ 12} The appellant's second assignment of error is well taken.
Judgment reversed. Appellant ordered discharged.
This cause is reversed and appellant discharged.
 It is, therefore, considered that said appellant recover of said appellee her costs herein.
 It is ordered that a special mandate be sent to said court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
JAMES J. SWEENEY, J., CONCURS;
 {¶ 13} MICHAEL J. CORRIGAN, J., DISSENTS WITH DISSENTING OPINIONATTACHED.