J-S08024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL GREENNAGH | |
| Appellant | No. 1795 EDA 2014 |

Appeal from the Judgment of Sentence of May 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0006689-2012

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED FEBRUARY 03, 2015**

Samuel Greennagh challenges his May 27, 2014 judgment of sentence. Herein, Greennagh contends that the evidence was insufficient to support the guilty verdict of persons not to possess firearms, 18 Pa.C.S. § 6105(a)(1).  We affirm.

The trial court set forth the factual history of this case as follows:

On February 10, 2012, at approximately 4:00 p.m., Philadelphia Police Officer Leonard Boston was beginning his shift at the 16th district when complaining witness Randy Merriman approached him on foot.  Notes of Testimony ["N.T"], 3/31/14 at 32-33, 39. According to Officer Boston's testimony, Merriman complained that [Greennagh] had threatened to shoot him with a black handgun and punched him in the face when he attempted to visit his friend Sheree Morgan at 4030 Green Street.  [N.T.] at 34-36. Officer Boston observed a reddish bruise on Merriman's right cheek.  [N.T.] at 48.  [Greennagh] was then taken into custody. [N.T.] at 49.

Philadelphia Detective John Leinmiller took Merriman's statement at 9:20 p.m. that same day.  [N.T.] at 57.  According to the

interview record, Merriman informed Detective Leinmiller that Sheree Morgan was [Greennagh's] tenant at 4030 Green Street; Morgan rented a third floor apartment and [Greennagh] lived on the second. [N.T.] at 59. Real estate property information recovered by the police confirmed that [Greennagh] owned the building. [N.T.] at 67. Detective Leinmiller served a search and seizure warrant at that address. [N.T.] at 66. He conducted a search in the front bedroom on the second floor and found a silver pistol loaded with four live rounds under a mattress. [N.T.] at 67. He also discovered a white letter from Philadelphia Gas Works ("PGW") addressed to Samuel Greennagh at 4030 Green Street on top of the television as well as male clothing on the floor. [N.T.] at 71-72.

Trial Court Opinion ("T.C.O."), 8/20/2014, at 1-2.

On February 10, 2012, Greennagh was charged with persons not to possess firearms, 18 Pa.C.S. § 6105(a)(1); terroristic threats with intent to terrorize another, 18 Pa.C.S. § 2706(a)(1); simple assault, 18 Pa.C.S. § 2701(a); recklessly endangering another person, 18 Pa.C.S. § 2705; and intimidation of witness, 18 Pa.C.S. § 4952(a)(1).

Following a bench trial on March 31, 2014, Greennagh was found guilty of persons not to possess firearms.[1] The trial court found Greennagh not guilty of terroristic threats, simple assault, recklessly endangering another person, and intimidation of witnesses or victims. On May 27, 2014, Greennagh was sentenced to five to ten years' incarceration, and was given credit for time served. T.C.O. at 1.

---

[1] At trial, the parties stipulated that Greennagh is prohibited from carrying a firearm in the Commonwealth of Pennsylvania. T.C.O. at 1.

On June 11, 2014, Greennagh filed a timely notice of appeal. On July 31, 2014, Greennagh submitted a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 20, 2014, the trial court issued a Pa.R.A.P. 1925(a) opinion.

Greennagh raises one question for this Court's consideration: "Did the [t]rial [c]ourt error [sic] when it found that the Commonwealth presented sufficient evidence to find [Greennagh] guilty beyond a reasonable doubt?" Brief for Greennagh at 3.

A claim challenging the sufficiency of the evidence presents a question of law. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). Our standard of review for a sufficiency of the evidence claim is well established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-44 (Pa. Super. 2011) (citing *Commonwealth v. Brooks*, 7 A.3d 852, 856-57 (Pa. Super. 2010)).

Greennagh contends that the evidence relied upon by the trial court is insufficient to prove beyond a reasonable doubt that he possessed the firearm found on the second floor of his 4030 Green Street home. We disagree. The Commonwealth can establish possession of a firearm by proving either actual or constructive possession. *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983). In this case, because the firearm was not found on Greennagh's person, the Commonwealth had to prove that Greennagh had constructive possession of the firearm. Constructive possession is defined as follows:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." *Commonwealth v. Davis*, 280 A.2d 119, 121 (Pa. 1971). We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." [*Macolino*, 469 A.2d at 134].

*Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (Pa. 1986). "[C]onstructive possession may be established by the totality of the circumstances." *Id.* (citing *Commonwealth v. Fortune*, 318 A.2d 327 (Pa. 1974)).

In *Commonwealth v. Harvard*, 64 A.3d 690 (Pa. Super. 2013), the appellant was convicted of robbery, persons not to possess a firearm, and

other related offenses. Therein, police searched a home where the appellant, a suspect in a home invasion, had lived for several months. As in this case, a search of the home produced a firearm, and evidence that the appellant received mail at the residence. *Id.* at 699. Police also recovered a number of other items that had been reported stolen in the robbery. *Id.* The appellant argued that the Commonwealth failed to produce sufficient evidence to prove that he constructively possessed the firearm seized from the home. As noted, the police found the firearm in the home where the appellant had been residing for several months along with mail addressed to the appellant at that address. In addition, the only other occupant of the home testified that she did not own the gun, nor was she aware of its presence in the home. In light of the circumstances, this Court found that "the trial court, sitting as finder of fact, could reasonably infer that [the appellant] had the ability and intent to control the firearm." *Id.* at 700.

Greennagh's principle contention is that the Commonwealth failed to prove that he resided at 4030 Green Street, the location where the gun was located. In support of his argument, Greennagh points to certain facts that arguably militate in favor of his argument, including, *inter alia*, the fact that he was not found to be in possession of a key to the apartment and the fact that the address on his driver's license is 3808 Mellon Street, not 4030 Green Street. Brief for Greennagh at 14-15. Greennagh's argument is unpersuasive. Here, the victim, Randy Merriman, went to visit a tenant of Greennagh's 4030 Green Street residence. When Merriman arrived,

Greennagh "came to the door with a gun in his right hand and said 'what's your cracker ass doing here[?] I don't want you in my house.'" N.T. at 59. Greennagh assaulted Merriman, threatened to kill him if he reported the incident to authorities, and ultimately was taken into custody. A search of the property produced the firearm at issue. N.T. at 66.

It is undisputed that Greennagh owns the home, and Merriman's statements to the detective indicate that Greennagh lives on the second floor. N.T. at 59, 66-67. A search of the home produced a gas bill addressed to Greennagh, found in the same bedroom as the firearm, and men's clothing was scattered on the floor of the room. N.T. at 72. The presence of the gas bill addressed to Greennagh at 4030 Green Street supports an inference that he lives in the home, and had been in the room. The gas bill, along with male clothing on the floor of the bedroom indicates that Greennagh at the very least exercised control over that room in a house that he owned. Moreover, Greennagh exhibited control over the home when he refused to allow Merriman to enter, and stated, "I don't want you in my house." N.T. at 59.

Based upon the foregoing evidence, viewed in the light most favorable to the Commonwealth, and examining the totality of the circumstances, the trial court reasonably could infer that Greennagh resided at the home on 4030 Green Street, and had the power to control the items therein, including the firearm, or the intent to exercise that control. No more is required to establish constructive possession of a firearm. Therefore, the

Commonwealth presented sufficient evidence to support the trial court's conclusion that Greennagh possessed the firearm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2015