J-S17026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LINETTE A. LESHER :
:
Appellant : No. 2861 EDA 2018

Appeal from the Judgment of Sentence Entered September 7, 2018
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0001592-2016

BEFORE: BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED APRIL 29, 2019**

Appellant, Linette Lesher, appeals from the judgment of sentence entered on September 7, 2018. We affirm.

The factual and procedural history of the case are as follows. On October 1, 2016, at around 11:30 a.m., police in Mahoning Township and Lehighton Borough received multiple calls regarding an erratic driver. Subsequent dispatch reports indicated that the offending car was stopped in the parking lot of the Giant grocery store in Mahoning Township. Officer Tyler Meek, of Mahoning Township, arrived to the parking lot first. Upon arrival, Officer Meek saw Appellant seated in her vehicle, talking on the phone. Witnesses to Appellant's alleged erratic driving were gathered near Appellant's car, a few of whom had blocked Appellant from driving away using their own vehicles. Officer Meek spoke to a few of the witnesses before he made contact with Appellant.

Officer Meek asked Appellant what was going on between her and the other people in the parking lot. Appellant appeared confused and agitated and she told Officer Meek that people were following her and that he knew what she was talking about. Officer Meek believed, based on his interaction with Appellant, that she was either under the influence of drugs or alcohol or she had some kind of mental health problem. Officer Meek asked Appellant to step out of her vehicle and perform field sobriety tests. At this point, Officer Robert DeFuso and Officer Gabriel Szozda were present on the scene and assisting Officer Meek with the investigation. Officer Meek determined that, based on her performance of the field sobriety tests, Appellant was incapable of driving safely and placed her under arrest. Officer Meek arranged for the other officers to take Appellant to Lehighton Borough Police Department for a drug recognition expert evaluation.[1]

As Appellant exited her vehicle, Officer DeFuso asked her if there were anything in the car that should not be there, to which she responded that she did not believe there was and, "you can check if you want." While Appellant performed field sobriety tests, Officer Szozda searched Appellant's vehicle pursuant to Officer DeFuso's directive. Officer Szozda located an orange pill bottle in the center console of Appellant's car. Upon opening the pill bottle,

---

[1] Officer Meek was called away from the scene to respond to a fatal car accident. Drug recognition expert, Officer Dane O'Brien, evaluated Appellant at the Lehighton Borough Police Department and did not recommend that she be taken for a blood draw.

Officer Szozda saw what appeared to be a marijuana cigarette inside. Officer Szozda seized the bottle and later provided it to Officer Meek.

The Commonwealth charged Appellant with possession of marijuana,[2] possession of drug paraphernalia,[3] harassment,[4] disorderly conduct,[5] and careless driving.[6] Appellant filed a motion to suppress the pill bottle and marijuana cigarette on May 24, 2017. On October 20, 2017, the trial court conducted a suppression hearing. The trial court denied the motion and the case proceeded to a bench trial on June 8, 2018. At the close of the Commonwealth's case, Appellant moved for judgment of acquittal on the harassment and careless driving charges, which the trial court granted. At the conclusion of the trial, the court found Appellant guilty of possession of marijuana and possession of drug paraphernalia and not guilty of disorderly conduct. On September 7, 2018, the trial court sentenced Appellant to one year of probation on the possession of drug paraphernalia charge and ordered

---

[2] 35 Pa.C.S.A. § 780-133(a)(31).

[3] 35 Pa.C.S.A. § 780-113(a)(32).

[4] 18 Pa.C.S.A. § 2709(a)(1).

[5] 18 Pa.C.S.A. § 5503(a)(1).

[6] 75 Pa.C.S.A. § 3714(a).

that Appellant pay a fine of $150.00 on the possession of marijuana charge.

This timely appeal followed.[7]

Appellant presents the following issues for our review:

1. Whether the [t]rial [c]ourt erred by denying [Appellant's] suppression motion by finding that [Appellant] provided an unequivocal, specific, and voluntary consent to search her vehicle?

2. Whether the evidence was sufficient to establish that [Appellant] had conscious dominion over the marijuana cigarette and pill bottle to establish that she possessed these items?

Appellant's Brief at 4.

Appellant's first issue alleges that the suppression court erred by

denying her motion to suppress the marijuana cigarette.

Our standard of review over an order denying suppression requires us to "consider only the Commonwealth's evidence and so much of the defense's evidence as remains uncontradicted when read in the context of the record as a whole. Where the record supports the suppression court's factual findings, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error."

**In Interest of A.A.**, 195 A.3d 896, 901 (Pa. 2018), *quoting* **Commonwealth**

**v. Johnson**, 160 A.3d 127, 138 (Pa. 2017).  Appellant argues that the trial

court should have suppressed the marijuana cigarette because she did not

_____

[7] On September 28, 2018, the trial court ordered that Appellant file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on October 2, 2018.  The trial court filed its 1925(a) opinion on November 21, 2018.

provide the officers with valid consent to search her vehicle. Appellant does not contest the factual findings of the trial court at the suppression hearing; she argues that the legal conclusions drawn therefrom were in error.

The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures. *Commonwealth v. Bell*, 871 A.2d 267, 272 (Pa. Super. 2005). It is well settled that a search conducted without a warrant is unreasonable and unconstitutional, unless an established exception to the warrant requirement applies. *Commonwealth v. Strickler*, 757 A.2d 884, 888 (Pa. 2000). "One such exception is consent[.]" *Id*. "To establish a valid consensual search, the Commonwealth must first prove that the consent was given during a legal police interaction." *Bell*, 871 A.2d at 273. Next, the Commonwealth must prove the consent was given voluntarily. *Id.* In Pennsylvania, a person's consent to a warrantless search must be unequivocal, specific, and voluntary. *Commonwealth v. Powell*, 994 A.2d 1096, 1102 (Pa. Super. 2010).

Appellant does not contest the legality of the underlying police interaction. Instead, Appellant first argues that she did not provide valid consent to search her car because her statement, "you can check if you want," was equivocal. Appellant's argument is that her consent was conditional, and therefore equivocal and legally insufficient. Appellant's Brief at 13. We find this argument unavailing. Assuming Appellant's consent was "conditional," it

was conditioned on whether the officer wanted to search the car, a condition that he could (and did) satisfy without any further interaction with Appellant.

Next, Appellant contends that her consent was invalid because she did not comprehend the nature and scope of her consent. Appellant argues that "she made this statement without having the basic and fundamental understanding that the officers wanted to search her vehicle." Appellant's Brief at 18. Appellant seems to argue that her consent cannot be considered valid because it was given without the officers actually asking for it. That is simply not the case. This Court addressed a very similar factual situation in **Commonwealth v. Edwards**, 735 A.2d 723 (Pa. Super. 1999) and found that the consent was valid.[8] The trial court found Appellant's consent to be "an unsolicited invitation for the police to search her vehicle." Trial Court Opinion, 11/21/18, at 10. That conclusion is supported by the suppression

---

[8] In **Edwards**, police received a complaint of loud noise and underage drinking at appellant's home. Police knocked on the door and were allowed entry by another person in the house. They asked to speak with the owner of the home. The appellant-homeowner, Ms. Logue, appeared and spoke to the officers. Police asked her if there was any more beer in the house and she replied that she did not believe so but the officers could "go ahead and check." The officers opened the refrigerator and found several bottles of red malt liquor beer. Ms. Logue and two codefendants were charged with underage drinking and moved to suppress the evidence seized pursuant to Ms. Logue's consent to search. The suppression court found that voluntary consent to search for alcohol was given and denied the motion to suppress. This Court affirmed her judgment of sentence holding that there was no error in the suppression court's conclusion.

record. Thus, the trial court did not err in denying Appellant's motion to suppress the pill bottle and marijuana cigarette.

In her next issue, Appellant argues that the evidence was insufficient to establish that she possessed the pill bottle and marijuana cigarette. We review a challenge to the sufficiency of the evidence *de novo* and our scope of review is plenary. *In the Interest of J.B.*, 189 A.3d 390, 414 n.24 (Pa. 2018) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Cramer*, 195 A.3d 594, 601 (Pa. Super. 2018) (cleaned up). The evidence "need not preclude every possibility of innocence[.] . . . The finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Thomas*, 194 A.3d 159, 166 (Pa. Super. 2018) (cleaned up).

Appellant argues that, because the marijuana and related paraphernalia were "hidden" in her car, the evidence failed to establish that she constructively possessed them.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control

the contraband and the intent to exercise that control. To aid application, we have held that *constructive possession may be established by the totality of the circumstances.*

***Commonwealth v. Kinard***, 95 A.3d 279, 292 (Pa. Super. 2014) (emphasis added).

Appellant testified at trial that she often allowed her boyfriend to drive her car and that he had used the car the day before this incident. She testified that she knew her boyfriend to smoke marijuana and that she told the police the marijuana was not hers and likely belonged to her boyfriend. The Commonwealth called Officer Meek as a rebuttal witness and he testified that he never heard Appellant say anything about her boyfriend driving her car or being the true owner of the marijuana.

Appellant cites ***Commonwealth v. Davis***, 280 A.2d 119, 121 (Pa. 1971), for the proposition that, "the fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered." In the instant case, however, Appellant failed to establish that she and her boyfriend shared equal access to the vehicle. The vehicle was registered to Appellant and she was the sole occupant on the day in question. Based on the totality of the circumstances, and viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient to support the finding that Appellant constructively possessed the marijuana and related paraphernalia, which was found in the center console of her vehicle. ***See Commonwealth v. Best***, 120 A.3d 329

(Pa. Super. 2015) (finding that sufficient evidence existed to support appellant's conviction for possession of marijuana where appellant was the sole occupant of the vehicle and marijuana was found in the center console). Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19