408 A.2d 479

COMMONWEALTH of Pennsylvania

v.

**Ronald Evans HARLOW, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Filed Aug. 2, 1979.

310

Robert E. Campbell, Public Defender, Gettysburg, for appellant.

Gary E. Hartman, District Attorney, Gettysburg, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

Appellant challenges the sufficiency of the evidence on which he was convicted, after a jury trial, of possession of a prohibited offensive weapon.[1] Upon our independent review of the record, we agree that the evidence was insufficient to support the verdict of guilty. *See Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971).

Viewing the evidence most favorably to the Commonwealth as verdict winner, *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974), we find that two Pennsylvania State Police officers went to appellant's apartment to serve an arrest warrant on one Bobby Dell, who was also residing there. When they arrived, Dell was absent, but appellant, a woman (also a resident in the apartment) and a small girl were present.

The apartment consisted of one large room with a sleeping loft on an upper level. Upon entering, the officers observed packets of marijuana in and around a brown handbag which was lying on a table in the large room. The officers arrested appellant for possession of the marijuana and asked him whether the shotgun belonged to him or to Dell. Appellant testified that his answer, given in a sarcastic manner, had been, "Well, you're arresting me for marijuana that you found in a woman's pocketbook, so I guess anything you find in the house it must belong to me." One of the state troopers also testified that appellant had made the state-

1. 18 Pa.C.S. § 908(a).

ment "in a very wise tone[.]" Appellant made no statement regarding the marijuana.

■ When the Commonwealth rested, the trial court sustained appellant's demurrer to the charge of possession of a controlled substance on the grounds that the evidence was insufficient as a matter of law.[2]

"Before granting a motion in arrest of judgment based on the insufficiency of the evidence, the court must make a finding that the evidence supporting the verdict of guilt is so weak and inconclusive that a jury of reasonable men and women could not be satisfied as to the guilt of the defendant beyond a reasonable doubt." *Commonwealth v. Kominsky*, 240 Pa.Super. 532, 361 A.2d 794 (1978). The court below, in its Opinion, agreed with appellant that, "since others occupied the house, the mere fact that he was the lessee or that he knew of the existence of the gun would be insufficient to convict him" but goes on to say that the jury "had every right to regard" appellant's remark to the police as an admission. We conclude that this remark, when considered with the rest of the Commonwealth's case, is not an admission by appellant that he was in possession of the gun, and thus is insufficient to support a guilty verdict.

■ The testimony of the state police officers concerning the exact wording of appellant's remark varied each time they were asked to state what appellant had said. The first trooper to testify stated that appellant had said, "It's my house, it must be my gun." The other trooper testified, on direct examination, that the remark had been, "It's in my house; it must be mine," but, on cross-examination, admitted that it was "possible" that appellant had said, "Well, if you're going to charge me or say that that marijuana is mine, that shotgun must be mine." On redirect, the record shows another possible version:

2. The evidence showed that appellant was the lessee of an apartment in which several other people were residents and that the marijuana had been found in a common room to which all persons living in the apartment had equal access. *See Commonwealth v. Fortune*, supra.

[By the Commonwealth:] Corporal, [defense counsel] asked you a question that went something like this: "Did you hear the Defendant say if you're going to charge me with marijuana, you might as well charge me with the shotgun?" And your answer as I recall was it's possible. I don't know. Did you hear the Defendant make such a statement?

A. I can't really say. . . .

Appellant's version is not substantially different from, and thus corroborates, the police officers' versions. Whichever version the jury may have believed, none constitutes an admission by appellant that he was in possession of the gun. The only fact admitted by appellant is that the gun was in his house; in the circumstances of this case, this is insufficient to support a conviction.[3] The latter part of the remark indicating that the gun "must belong to" appellant is no more than an incorrect and conclusory statement by appellant of his belief as to the law. It is clear that appellant was expressing only his opinion that, as a matter of law, the gun's presence in his residence proved his possession. This is shown by appellant's use of the phrase, "it *must be* mine" (emphasis added). "Must be" is quite different from "is." We conclude, therefore, that appellant's equivocal remark is not an admission, and that it therefore does not show appellant's possession of the gun. Since, as the court below agreed, the remainder of the evidence, viewed most favorably to the Commonwealth, is insufficient to prove appellant's guilt beyond a reasonable doubt, *see Commonwealth v. Fortune,* supra; *Commonwealth v. Davis,* supra; *Commonwealth v. Kominsky,* supra, 240 Pa.Super. at 537, 361 A.2d at 798, the totality of the evidence is likewise inadequate.

Judgment of sentence arrested and appellant discharged.

VAN der VOORT, J., concurs in the result.

---

**3.** Others lived in the apartment and had equal access to the place where the gun was found; this alone is insufficient. *Commonwealth v. Davis,* supra.