J-A06036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DANEEN SANDS | : | |
| | : | |
| Appellant | : | No. 1902 EDA 2015 |

Appeal from the Judgment of Sentence May 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010798-2014

BEFORE:   PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                     **FILED JULY 11, 2017**

Appellant, Daneen Sands, appeals from the judgment of sentence of time served to twenty-three months incarceration followed by three years of probation, imposed May 28, 2015, following a bench trial resulting in her conviction for violating 18 Pa.C.S.A. § 6105(a), persons not to possess, use, manufacture, control, sell or transfer firearms.  Appellant contends there was insufficient evidence to sustain her conviction.  We reverse the judgment of sentence and discharge Appellant.

The trial court summarized the facts of the case as follows:

On March 16, 2014, Philadelphia Police Officer Lance Cannon was on routine patrol when he received a radio call directing him to go to 2555 Bonnafon Street in Philadelphia to investigate a report of a stolen gun.  Upon arrival, the officer spoke to Mr. Frank Johns who said two of his guns were missing from his home after which Mr. Johns showed the officer where he kept them-a secret compartment built into the ceiling of a closet that

was operated with a hidden switch. Officer Cannon filled out a report and turned it over to the assigned detective.

Mr. Johns testified that Appellant, someone he knew for some time, moved into his residence in March of 2013. Appellant moved out of the residence shortly after January 11, 2014, the day upon which Mr. Johns' brother moved into the residence. On the day Appellant moved out, Mr. Johns and his brother returned from a shopping trip and observed that Appellant and all of her belongings were gone.

In the closet, Mr. Johns showed Officer Cannon where he kept a .38 caliber Smith and Wesson hand gun and a .38 caliber Rossie handgun in their original boxes. It was Mr. Johns' opinion that Appellant likely saw him going in and out of the closet where he kept the two handguns.

On March 16, 2014, after receiving certain information, Mr. Johns went to the closet and discovered that the two handguns were missing from their boxes. Although he periodically checked the closet to see if the gun boxes were still in the closet, he usually did not lift the boxes to ascertain whether the guns were still inside them and could not recall when he actually last saw the guns.

Mr. Johns did not tell either Appellant or his brother about the compartment or the guns but believed that Appellant likely saw him going in and out of the closet where he kept the two handguns.

Special Agent Mark Schmidheiser of the Pennsylvania Attorney General's Office became involved in the matter after receiving a report from the Philadelphia Police Department concerning the missing firearms. Based on the information he received, he obtained an arrest warrant for Appellant, which was executed on August 6, 2014. Following Appellant's arrest, the agent interviewed Appellant who while denying that she took Mr. Johns' guns, admitted that she was aware of the secret compartment in the closet, and had been for some time, because Mr. Johns showed it to her and also told her how it worked, that Appellant kept guns inside the compartment, and that she knew they were missing approximately three weeks before she moved out of the residence.

Trial Court Opinion, 6/23/16, at 2-3 (citations omitted).

Based on this evidence, Appellant, who had a prior felony conviction, was convicted of persons not to possess fire arms and was sentenced as outlined above.[1]    Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises the following issue for review:

> Was not Daneen Sands erroneously convicted of 18 Pa.C.S. §6105 where she did not constructively possess the firearms at issue and the trial court stated that its verdict of guilt was based on the fact that she merely resided in the home of a person who she knew lawfully owned the firearms?

Appellant's Brief at 3.

Appellant asserts that the trial court wrongly convicted her of 18 Pa.C.S. § 6105, thus challenging the sufficiency of the evidence.  Appellant's Brief at 7.  The standard of review for a challenge to the sufficiency of evidence is *de novo*, as it presents a question of law.  ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235 (Pa. 2007).

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction…does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt.  Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

---

[1] Appellant was acquitted of two counts each of theft by unlawful taking, receiving stolen property, firearms not to be carried without license, carrying firearms on public streets or public property in Philadelphia.  18 Pa.C.S. §§ 3921, 3925, 6106, 6108, respectively.

*Id.* at 1235-36 (emphasis added). "When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." *Id.* at 1237 (citation omitted).

In order to obtain a conviction under 18 Pa.C.S. § 6105, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a firearm and that he was convicted of an enumerated offense that prohibits her from possessing, using, controlling, or transferring a firearm. It is undisputed that Appellant is unauthorized to possess a firearm. Rather, the issue in the instant case is whether Appellant violates Section 6105 when residing in a home with an individual who lawfully possesses a firearm.

Here, the victim's testimony was found so unreliable by the trial court that it determined the evidence was insufficient to establish theft charges against Appellant or actual possession of the firearms. Notes of Testimony, 2/13/15 at 100; Notes of Testimony, 5/28/15 at 15. According to the court, the victim's testimony was "all over the place about whether or not those guns where there after she left". Notes of Testimony, 2/13/15 at 97. Nevertheless, the court found that Appellant knew the victim's firearms were hidden in a secret compartment and that she was the only other person aware of their existence. The court concluded that based on these facts, as

- 4 -

well as her residing at the victim's home, the evidence was sufficient to establish that Appellant constructively possessed the firearms.

Illegal possession of a firearm may be established by constructive possession. *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2005). Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. *Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (1986). The Pennsylvania Supreme Court has defined constructive possession as conscious dominion, meaning the defendant had the power to control the contraband and the intent to exercise that control. *Commonwealth v. Davis*, 280 A.2d 119, 121 (1971).

According to Appellant, merely residing in a home where a firearm is present is insufficient to establish a violation of 18 Pa.C.S. § 6105. Appellant asserts that "the critical factor in establishing constructive possession, particularly the intent to exercise control, is the defendant's connection to the specific room or area where the evidence was kept." Appellant's Brief at 11. We agree. Apart from knowledge, the Commonwealth presented no evidence of Appellant's connection to the room where the firearms were stored. The mere facts that Appellant resided in a home in which guns were lawfully stowed and that she knew of their location are insufficient to establish the intent to exercise control over them. *See Commonwealth v. Harlow*, 408 A.2d 479, 481 (Pa. Super. 1979) ("[S]ince others occupied the house, the mere fact that he was the lessee or that he

knew of the existence of the gun would be insufficient to convict."), **Commonwealth v. Wisor**, 353 A.2d 817 (1976) ("[T]he fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered.") (*quoting* **Commonwealth v. Davis**, 280 A.2d 119, 121 (Pa. 1971)).

Accordingly, the evidence was insufficient to support a conviction under Section 6105.

Judgement of sentence reversed. Appellant discharged.

Judge Panella joins the memorandum.

Judge Shogan files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2017