J-A06036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANEEN SANDS, | |
| Appellant | No. 1902 EDA 2015 |

Appeal from the Judgment of Sentence May 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010798-2014

BEFORE:  PANELLA, SHOGAN, and RANSOM, JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:          **FILED JULY 11, 2017**

Because I conclude that the record supports the trial court's finding of constructive possession, I would affirm the judgment of sentence. Accordingly, I respectfully dissent.

Possession of contraband may be proven by constructive possession, which is defined as follows:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011) (citations omitted).

The Majority takes the position that "the Commonwealth presented no evidence of Appellant's connection to the room where the firearms were stored." Majority Memorandum at 5. However, the record reveals that the guns were located in a common area of the home, *i.e.*, an area to which all occupants of the house had access. Officer Lance Cannon testified that the closet, the hidden compartment in the closet where the guns were hidden, and the switch used to operate the compartment were located in the living room of the house. N.T., 2/13/15, at 20. Thus, the Commonwealth did establish that Appellant had access to and a connection with this common room in the house.

Moreover, *Commonwealth v. Wisor*, 353 A.2d 817 (Pa. 1976), and *Commonwealth v. Harlow*, 408 A.2d 479 (Pa. Super. 1979), the cases upon which the Majority relies, are readily distinguishable. *Wisor* involved a marijuana pipe that was discovered under the passenger seat of a car with multiple occupants. However, the appellant, who was the owner of the car, never admitted knowing the pipe was present in the vehicle. In *Harlow*, marijuana and a shotgun were found in a home the appellant shared with others. When officers asked the appellant about the firearm, the appellant said, "Well, you're arresting me for marijuana that you found in a woman's pocketbook, so I guess anything you find in the house it must belong to me." *Id*. at 480. This Court concluded that the appellant's "wise toned"

remark was not an admission and did not show the appellant possessed the gun. *Id*. at 480-481. Thus, **Wisor** and **Harlow** are distinguishable because the appellants made no admissions with respect to any relevant facts.

Conversely, in the case at bar, Appellant made detailed admissions. Appellant admitted to precise and particularized knowledge of the secret compartment in the victim's house, where it was located, how it operated, and its contents. Officer Mark Schmidheiser testified that when he questioned Appellant about the theft of the guns, Appellant admitted that she knew the victim owned handguns, that there was a secret compartment, and that the victim kept guns in that compartment. N.T., 2/13/15, at 74. Appellant further admitted knowing details about the compartment and its operating mechanism. *Id*. at 74-76. Appellant had this information despite the victim testifying that he never showed anyone the hidden compartment and kept it secret. *Id*. at 33-35. Appellant stated that she told no one about the compartment, *id*. at 76, and the victim testified that he did not even show his brother when he came to live there because he wanted the compartment to be a secret. *Id*. at 38.

In sum, the evidence reveals that the house had three occupants: Appellant, the victim, and the victim's brother. Only Appellant and the victim were aware of the hidden compartment containing the handguns, and those handguns were removed. After reviewing the evidence in the light most favorable to the Commonwealth, I cannot agree that the trial court erred. I conclude that, under the totality of the circumstances, the

evidence, both direct and circumstantial, was sufficient to establish that Appellant had constructive possession of the firearms. Accordingly, I would affirm Appellant's judgment of sentence.