J-S48038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LADALE PACE | : | |
| Appellant | : | No. 754 EDA 2019 |

Appeal from the PCRA Order Entered March 7, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005467-2013

BEFORE: BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED OCTOBER 21, 2019**

Ladale Pace (Appellant) appeals from the order entered March 7, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, without an evidentiary hearing. We affirm.

In September 2012, Appellant was charged with, *inter alia*, second-degree murder, conspiracy to commit murder, robbery, conspiracy to commit robbery, burglary, conspiracy to commit burglary, carrying a firearm without a license, and carrying a firearm in public in Philadelphia. These charges stemmed from Appellant's participation in a robbery and burglary, which resulted in the death of Julio Cesar Hernandez.

In July 2014, over the course of several days, Appellant and his co-conspirator, Laquam Smith, were tried jointly before a jury. On July 17, 2014, Appellant was convicted of the aforementioned crimes. That same day,

---

* Retired Senior Judge assigned to the Superior Court.

Appellant was "sentenced to mandatory life imprisonment on the charge of murder, with no further penalty assessed for the remaining charges." PCRA Court Opinion, 4/29/2019, at 3. This Court affirmed Appellant's judgment of sentence on May 10, 2016. **Commonwealth v. Pace**, 151 A.3d 1141 (Pa. Super. 2016) (unpublished memorandum). Appellant did not seek review by our Supreme Court.

On June 7, 2016, Appellant *pro se* timely filed a PCRA petition. Counsel was appointed, and an amended petition was filed on May 9, 2018. On February 7, 2019, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and on March 7, 2019, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[1]

On appeal, Appellant raises the following claims for our review.

1. Did the PCRA court err in dismissing Appellant's PCRA [p]etition without a hearing because direct appeal counsel was ineffective for not arguing that a mistrial should have been granted because evidence of Appellant's prior criminality was elicited at trial thereby prejudicing Appellant?[2]

_____

[1] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

[2] At trial, Officer Gregory Yatcilla, a member of the crime scene unit, testified regarding the physical evidence collected from the scene of the crime. Specifically, Officer Yatcilla testified that there were "fingerprints from the crime scene [that] were matched to 'different individuals who actually all had criminal numbers or prison numbers.'" PCRA Court Opinion, 4/29/2019, at 7, *quoting* N.T., 7/9/2014, at 68-71. "Evidence subsequently introduced established that the identifiable fingerprints" belonged to, *inter alia*, Smith and

- 2 -

> 2. Did the PCRA court err in dismissing Appellant's PCRA [p]etition without a hearing because trial counsel was ineffective for failing to move to sever Appellant's case from that of [Smith] because of [Smith's] admission of guilt[?[3]]

Appellant's Brief at 4.

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. ***Commonwealth v. Orlando,*** 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). Additionally, we note

> [t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

_____

the victim's wife. ***Id.*** at 8. Notably, Appellant's "fingerprints were not found at the scene." ***Id.***

[3] At trial, the jury heard statements Smith made to an inmate, Mohammad Doumbia, while Smith was in pretrial detention. Specifically, Smith told Doumbia, that he, *inter alia*, had killed a "Dominican" during a robbery and that a second person who participated in the crimes "had got locked up like in Baltimore or something like that." PCRA Court Opinion, 4/29/2019, at 9 *quoting* N.T., 7/10/2014, at 98. The PCRA court noted that "[t]he jury heard that [Appellant] was arrested in Philadelphia." ***Id.***

*Commonwealth v. Walls*, 993 A.2d 289, 295 (Pa. Super. 2010) (citations

omitted).  Because Appellant's claims challenge the effectiveness of trial and

appellate counsel, we observe the following.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (internal

citations omitted).

In addition, because Appellant challenges specifically  counsel's failure

to request a mistrial,[4] we keep in mind the following.

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a

---

[4] Co-defendant's counsel objected to Officer Yatcilla's testimony concerning the fingerprints collected from the scene and later moved for a mistrial based upon this testimony.  N.T., 7/9/2014, at 71, 83.  Appellant's trial counsel also objected to Officer Yatcilla's testimony but did not move for a mistrial or join the request made by co-defendant's counsel. *Id.* at 72.

mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial.

***Commonwealth v. Jaynes,*** 135 A.3d 606, 615 (Pa. Super. 2016) (citation omitted). "A mistrial is an extreme remedy that is required only where the challenged event deprived the accused of a fair and impartial trial." ***Commonwealth v. Smith***, 131 A.3d 467, 475 (Pa. 2015). "The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury[.]" ***Commonwealth v. Parker***, 957 A.2d 311, 319 (Pa. Super. 2008) (citation omitted). Furthermore, "[m]ere passing references to criminal activity will not require reversal unless the record indicates that prejudice resulted from the reference." ***Commonwealth v. Stafford,*** 749 A.2d 489, 496 (Pa. Super. 2000) (internal quotation marks and citation omitted).

Because Appellant also challenges trial counsel's failure to move to sever Appellant's case from that of Smith, we are mindful of the following.

Criminal defendants may be joined where they allegedly participated in the same act or transaction. Pa.R.Crim.P. 1127(A)(2). Where conspiracy is charged, co-defendants should be tried together. Further, it is well established that a motion for severance is addressed to the sound discretion of the trial court, and that its decision will not be disturbed absent a manifest abuse of discretion. In determining whether to sever certain defendants, the court must balance the need to minimize the prejudice that may be caused by consolidation against the general policy of encouraging judicial economy. A better chance of acquittal from a separate trial is not sufficient cause to warrant severance. Rather, the defenses presented by the various defendants must be irreconcilable and exclusive and conflict at the core before the substantial prejudice burden is met.

***Commonwealth v. Presbury***, 665 A.2d 825, 827-28 (Pa. Super. 1995) (citations and quotation marks omitted).

Following a review of the certified record and the briefs for the parties, we conclude that the opinion of the Honorable Genece E. Brinkley thoroughly addresses Appellant's issues and arguments and applies the correct law to facts that are supported by the record. We discern no error or abuse of discretion. Therefore, we adopt the PCRA court's opinion of April 29, 2019, as our own and affirm the order of the PCRA court based upon the reasons stated therein.[5] ***See*** PCRA Court Opinion, 4/29/2019, at 5-8 (concluding: (1) because Appellant's fingerprints were not found at the scene, no inference could be drawn that Appellant had a prior criminal record; (2) the trial court had already denied Smith's request for a mistrial, which was made in response to the same testimony to which Appellant objected, and was arguably more prejudicial to Smith, whose fingerprints were found at the scene, and Appellant did "not specify what argument [t]rial [c]ounsel should have made in order to change [the trial c]ourt's decision[;]" and (3) because trial counsel was not ineffective for failing to move for a mistrial, appellate counsel could not be deemed ineffective for failing to raise this "unmeritorious argument on appeal") and 8-11 (finding that: (1) because Appellant was arrested in Philadelphia, Smith's confession to Doumbia "actually exculpated" Appellant;

_____

[5] The parties shall attach a copy of the PCRA court's April 29, 2019 opinion to this memorandum in the event of further proceedings.

(2) even if Appellant did suffer some amount of prejudice by Smith's admission to Doumbia, "there was overwhelming evidence of [Appellant's] guilt that the absence of the statement would not have changed the outcome of trial[;]" and (3) there was "substantial evidence" presented at trial, including 20 testifying witnesses and more than 120 exhibits over the course of a seven-day trial and, because of this, severing the trials, where "almost all the evidence presented at trial was admissible against both" Appellant and Smith, would have been burdensome for the trial court and Commonwealth).

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/19

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

2019 APR 26  PM 2: 59

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0001940-2017 |
|  | : |  |
| v. | : |  |
|  | : | SUPERIOR COURT |
| LATEEFAH PERRY | : | 2443 EDA 2018 |

OPINION

WOELPPER, J.                                                    APRIL 26, 2019

## I.  PROCEDURAL & FACTUAL BACKGROUND

The Commonwealth appeals this Court's judgment of acquittal on the conspiracy to commit aggravated assault charge as to Lateefah Perry ("Defendant").

On the night of January 24, 2017, the complainant, Malika Adamson, attended a party at 4513 North 13th Street in Philadelphia. Notes of Testimony ("N.T."), 12/5/2017 at 36, 52–54. Defendant (the complainant's God-sister),[1] Dion Kornegay, and his brother, Beano, were also present. During the party, the complainant got into an argument with Beano, which escalated into a physical fight. The complainant went outside and called the police. *Id.* at 52–56. The responding officer prepared a report and departed without making any arrests. *Id.* at 34–35. Defendant drove the complainant home that night. The following morning, the complainant sought medical treatment at Temple Hospital. *Id.* at 60–61. As a result of the fight, the complainant sustained a fractured orbital bone.

---

[1] In the notes of testimony, Defendant is referred to as the complainant's sister, step-sister, and God-sister. For clarity, we will refer to her as the complainant's God-sister.

Two nights later, on the evening of January 26, 2017, the complainant was at her home located at 3027 West Gordon Street. *Id.* at 147–48. Her brother and two young children were also in the home. *Id.* at 122. Between 6:00 and 7:00 p.m., the complainant was standing on the steps outside of her front door talking on the phone. *Id.* at 68–70. The complainant noticed four individuals—Mr. Kornegay, two other males, and an unknown female—approaching. *Id.* at 70, 123–24. The complainant turned and ran into her house. *Id.* at 72. The four individuals chased after her and attempted to force their way into the complainant's home. *Id.* The complainant struggled to close her front door and ultimately struck Mr. Kornegay's hand with a brick to remove it from the doorway. *Id.* at 73. The complainant then called the police. *Id.* at 75. The four individuals began to walk away toward 30th Street. *Id.* The complainant walked outside and yelled from the street, "The cops are on their way. Don't leave now." *Id.* at 75–76.

At this point, Mr. Kornegay was standing by the driver's side of the car that belonged to Defendant and in which she was present. *Id.* at 77. The two other males and female got into the car. *Id.* at 79. Mr. Kornegay turned around and began shooting in the complainant's direction. *Id.* The complainant ran back to her home. *Id.* The four individuals then quickly drove away in reverse toward 29th Street. *Id.* at 80.

On December 8, 2017, a jury found Defendant guilty of conspiracy to commit aggravated assault.[2] This Court deferred sentencing for completion of a presentence investigation. On February 15, 2018, Defendant filed a motion for judgment of acquittal. The Commonwealth filed a response on March 19, 2018. On April 11, 2018, immediately before sentencing, Defendant withdrew her motion for judgment of acquittal. Defendant was then sentenced to eleven and one-half to twenty-three months of incarceration, followed by one year of probation,

---

[2] 18 Pa.C.S. § 903; 18 Pa.C.S. § 2702.

2

with immediate parole. On April 18, 2018, Defendant filed a "Post-Sentence Motion for Extraordinary Relief."[3] On July 17, 2018, this Court granted the motion for extraordinary relief and entered a judgment of acquittal on the conspiracy to commit aggravated assault charge. The Commonwealth timely appealed to the Superior Court on August 10, 2018. That same day, this Court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 28, 2018, the Commonwealth filed a Rule 1925(b) statement.

## II.    DISCUSSION

The Commonwealth asserts this Court erred when it granted Defendant's "post-sentence motion and judgment of acquittal." The Commonwealth argues "the evidence, which established that [D]efendant participated with her boyfriend [Mr. Kornegay] in a scheme to commit assault and acted as a getaway driver following the shooting, was sufficient to prove conspiracy to commit aggravated assault as found by the jury." Statement of Errors.

A motion for judgment of acquittal "challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." *Commonwealth v. Abed*, 989 A.2d 23, 26 (Pa. Super. 2010) (*quoting Commonwealth v. Hutchinson*, 947 A.2d 800, 805–806 (Pa. Super. 2008)). In reviewing the sufficiency of the evidence, a court must consider

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, [a court] may not weigh the evidence and substitute [its] judgment for the fact-finder. In addition, ... the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a

---

[3] Pursuant to Pa.R.Crim.P. Rule 720(B), Defendant filed a post-sentence motion for judgment of acquittal.

3

matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.* (emphasis omitted).

Before granting a motion in arrest of judgment based on the insufficiency of the evidence, the court must make a finding that the evidence supporting the verdict of guilt is so weak and inconclusive that a jury of reasonable men and women could not be satisfied as to the guilt of the defendant beyond a reasonable doubt.

*Commonwealth v. Harlow*, 408 A.2d 479, 480 (Pa. Super. 1979) (*quoting Commonwealth v. Kominsky*, 361 A.2d 794, 798 (Pa. Super. 1976).

To find Defendant guilty of conspiracy to commit aggravated assault, the Commonwealth had to prove that she entered into an agreement with another person to commit or aid in an assault, that she acted with a shared criminal intent, and that an overt act was taken in furtherance of the conspiracy. 18 Pa.C.S. § 903. A person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1).

The Commonwealth need not show an explicit or formal agreement between the defendant and his co-conspirator but may instead rely on circumstantial evidence. *Commonwealth v. Thomas*, 65 A.3d 939, 943 (Pa. Super. 2013) (*quoting Commonwealth v. Galindes*, 786 A.2d 1004, 1010 (Pa. Super. 2001)). "Circumstantial evidence can include, but is not limited to, the relationship between the parties, the knowledge of and participation in the

4

crime, and the circumstances and conduct of the parties surrounding the criminal episode." *Id.* (*citing Commonwealth v. French*, 578 A.2d 1292, 1294 (Pa. Super. 1990)).

Viewed in the light most favorable to the Commonwealth as verdict winner, the circumstances of this case do not establish that Defendant conspired to commit an assault on the complainant. First, the complainant testified that although she recognized the car as belonging to Defendant, she never saw her that evening. The complainant further stated there did not appear to be anyone inside of the car. N.T. 12/5/2017 at 103–104. However, even if Defendant was present inside of her car, the evidence was insufficient to show that she was aware of Mr. Kornegay's criminal intent. *See Commonwealth v. Swerdlow*, 636 A.2d 1173, 1177 (Pa. Super. 1994) (finding that mere presence is insufficient to establish a conspiracy "unless the defendant had prior knowledge of his alleged co-conspirator's criminal intent"). Second, the Commonwealth presented no evidence that Defendant knew Mr. Kornegay was in possession of a weapon, let alone that he would use it to assault the complainant. After Mr. Kornegay and the three other individuals were walking away from the complainant's home and in the direction of the car, the complainant walked into the middle of the street and yelled after them. It was at this moment that Mr. Kornegay turned around and spontaneously began shooting at the complainant. N.T. 12/5/2017 at 104. Third, the surrounding circumstances leading up to the incident on January 26th do not lend support to the Commonwealth's argument that Defendant shared a criminal intent to assault the complainant. On January 24th, following the complainant's physical altercation with Mr. Kornegay's brother, it was Defendant who tried to calm her God-sister down and then drove her home. That Defendant and Mr. Kornegay were in a relationship at the time is similarly insufficient by itself to establish that an agreement was formed. *See Commonwealth v. Chambers*, 188 A.3d 400, 410 (Pa. 2018) ("No level of intimacy or history

5

between actors can replace the elements of the offense."). The circumstantial evidence presented by the Commonwealth did not suffice to establish beyond a reasonable doubt that Defendant conspired to commit an assault against the complainant. Accordingly, there is no merit to the Commonwealth's claim to the contrary.

III.    CONCLUSION

For all of the reasons herein, this Court's judgment of acquittal should be affirmed and Defendant should be discharged.

BY THE COURT:

DONNA M. WOELPPER, J.

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF        :      CP-51-CR-0001940-2017
PENNSYLVANIA            :
                            :
v.                      :
                            :      SUPERIOR COURT
LATEEFAH PERRY          :      2443 EDA 2018

## PROOF OF SERVICE

I hereby certify that I am this 26th day of April, 2019, serving the foregoing Opinion on the persons indicated below:

**By First Class Mail**
Edward C. Meehan, Jr., Esq.
211 N. 13th Street, Suite 701
Philadelphia, PA 19107

**By Interoffice Mail**
Lawrence Goode, Supervisor, Appeals Unit
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

C. Quincy Conrad
C. Quincy Conrad
Law Clerk to the Honorable Donna M. Woelpper

7